**Larry CUNNINGHAM et al., Appellants,**

**v.**

**FORT WORTH PIPE & SUPPLY COMPA-
NY OF ABILENE, Appellee.**

**No. 16575.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 6, 1964.

Bryant, Glenn and Thomas, and Allen Glenn, Abilene, for appellants.

Stone, Parker, Snakard, Friedman & Brown, O. P. Newberry, Jr., and James A. McMullen, III, Fort Worth, for appellee.

RENFRO, Justice.

This is a venue case.

Defendants appealed from an order of a district court of Tarrant County which overruled their pleas to be sued in Taylor County. Plaintiff invoked sub-section 5, Art. 1995, Vernon's Tex.Civ.St., by alleging defendants agreed in writing to pay for certain goods, wares and merchandise in Tarrant County.

In their only point of error defendants assert their pleas of privilege should have been sustained "because plaintiff failed to meet its burden of proving existence of an exception to Art. 1995."

The statement of facts was not filed within the 20 day period provided by Rule 385, Texas Rules of Civil Procedure, and motion for extension of time for good cause was not filed within 5 days thereafter as allowed by said rule; hence, the appeal is before us without a statement of facts. Huckman v. Campbell, 252 S.W.2d 604 (San Antonio Civ.App., 1952). Defendants' point of error challenging the sufficiency of the evidence could be determined only by referring to the statement of facts.

Without a statement of facts it will be presumed the evidence was sufficient to sup-

port the judgment. 3 Tex.Jur.2d 703, § 452; Schweizer v. Adcock, 145 Tex. 64, 194 S.W. 2d 549 (1946); City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860 (1952); Ollok v. United Heat Treating Co., 318 S. W.2d 785 (Fort Worth Civ.App., 1958, no writ hist.).

There being no other question before us, the judgment is affirmed.

Affirmed.