**MERIDIAN RESOURCES, INC., Appellant,**

v.

**COLLEY GIN COMPANY, Appellee.**

No. 428.

Court of Civil Appeals of Texas.

Corpus Christi.

June 28, 1968.

McMillan & Hasse, Walter C. Hasse, Jr., Brownsville, for appellant.

Rankin, Kern, Martinez & Van Wie, Stonewall Van Wie III, McAllen, for appellee.

## ON APPELLEE'S MOTION TO STRIKE STATEMENT OF FACTS

GREEN, Chief Justice.

Appellee has filed herein its Motion to Strike the Statement of Facts filed in this Court on Wednesday, April 10th 1968. Tuesday, April 9th was the 60th day following the order in the trial court overruling appellant's motion for new trial, which order was signed February 9, 1968. Tuesday, April 9th was the final date on which the statement of facts could be legally filed in the absence of a motion filed with this Court on or before seventy-five days after February 9th seeking an extension of time for good cause, and an order of this Court granting such motion. Rule 386.[1] *No such*

---

1. All references to Rules are to Texas Rules of Civil Procedure.

*motion was filed in this case, and there was no order of the Court extending the time for filing.* Unless the facts connected with appellant's attorney's attempts to timely file the statement of facts furnish a legally sufficient reason for its late filing, the motion to strike should be granted.

Our clerk received the transcript and statement of facts on Friday, April 5, 1968. The transcript being in due form it was filed by the clerk on that day. On examination she found that the document tendered as the statement of facts was neither approved by the trial court nor agreed to by the attorneys of record. Rule 377(d); Rule 389a, T.R.C.P. She made a memorandum upon it of the date of its receipt, and on that same date talked to appellant's counsel, whose office was in Brownsville, by telephone concerning the said deficiences in the statement of facts as tendered. Rule 389a, T.R.C.P. She told him she could not file it in its present condition. It was agreed that she should return it to him and she did mail it to him at Brownsville that same day with a letter reading in part: "As agreed in our telephone conversation this morning I am returning to you the Statement of Facts in above styled cause for approval by counsel or by trial judge." The purported statement of facts had not been filed in this Court at that time, and there was no order issued by the Court under the provisions of Rule 389a.

When appellant's lawyer received the unfiled statement of facts, he proceeded, on Monday, April 8th, to secure the signature of appellee's attorney duly agreeing to it as a proper statement of facts. This was the only change made in or to the document. He thereupon considered how to return it to our Court for filing. According to his affidavit filed in answer to appellee's motion to strike, which we accept, he boarded a regularly scheduled Braniff airplane to take the authenticated statement of facts to the Court on the morning of April 9, but due to adverse weather conditions the plane failed to land in Corpus Christi, but went on to Houston. From Houston, he went to Austin to transact urgent business there. There being no scheduled flight from Austin to Corpus Christi, he mailed the signed statement of facts to our clerk on April 9th, the last day for filing. Knowing that in the usual course of the mails it would not arrive within the 60 day period provided by Rule 386, he nevertheless did not accompany it with any motion for an extension of time. When the statement of facts reached our court on April 10th, the 61st day, it was marked "Filed," by the Clerk, and counsel for appellant and appellee were notified thereof.

The question of appellant's diligence is not the issue here. The problem is whether the statement of facts was legally filed on April 10th, i. e., did this Court have jurisdiction to file it on the 61st day as a lawful statement of facts.

Rule 386 applies equally to the transcript and statement of facts, and requires that both transcript *and* statement of facts be timely filed as therein provided. Duncan v. Duncan, Tex.Sup.Ct., 371 S.W.2d 873; Huckman v. Campbell, Tex.Civ.App., 252 S.W.2d 604, mand. overr.; Norwood v. Bayshore Bus Lines, Tex.Civ.App., 196 S.W.2d 526, wr. dism.; Crawford v. Crawford, Tex.Civ.App., 256 S.W.2d 875; Couch v. City of Richardson, Tex.Civ.App., 313 S.W.2d 949(1), (9) on rehearing, wr. ref. n. r. e.; Franke v. Franke, Tex.Civ. App., 373 S.W.2d 891; Cunningham v. Fort Worth Pipe & Supply Company of Abilene, Tex.Civ.App., 384 S.W.2d 229; Nickel v. Anderson, Tex.Civ.App., 399 S.W.2d 220; Consolidated Casualty Ins. Company v. Wade, Tex.Civ.App., 373 S.W.2d 841, wr. ref. n. r. e. Although the Court acquired jurisdiction of this appeal by virtue of the timely filing of the transcript on April 5, we were not thereby authorized or given jurisdiction to permit a late filing of the statement of facts in the absence of a timely filed motion showing good cause therefor. Matlock v. Matlock, 151 Tex. 308, 249 S.W. 2d 587.

**374**

Rule 389a reads, in part:

"* * * If the clerk finds that the statement of facts has been agreed to by the parties or approved by the trial judge and timely presented, he shall forthwith file the same, otherwise he shall endorse thereon the time of the receipt of such statement of facts and hold the same subject to the order of the Court of Civil Appeals, and notify the party (or his attorney) tendering such statement of facts of his action and state his reasons therefor. * * *"

Appellant argues that under this rule, the tendered unsigned statement of facts was at all times after April 5 in the constructive possession of the appellate court, and since it remained in such constructive possession, "it must be presumed that the Court allowed the return thereof for the correction of the authentication, and ordered same filed upon receipt of such approval by the Appellee herein." But the facts are that the statement of facts as tendered on April 5th was not filed in this Court; that by agreement of appellant's counsel the unfiled document was returned to him; that he secured the proper approval and mailed it back to this Court on the 60th day, that it reached this Court on the 61st day, and that the Court did not issue any order at any time that it be filed, and that no motion for late filing was made to the Court.

The fact that the statement of facts was received and marked "Filed" on its return to the Court on April 10th, thus possibly encouraging counsel for appellant in an assumption that all was well at a time when he might still have filed a motion for an extension of time under Rule 386 would not, of course, confer jurisdiction in this Court to authorize the late filing if the Court did not otherwise have such power. Blackman v. Housing Authority of City of Dallas, Texas, 152 Tex. 21, 254 S.W.2d 103, 104(1). In the absence of a timely filed motion seeking an extension of time, and showing good cause therefor, this Court had no jurisdiction to permit the late filing.

Appellant cites the case of Pacific Fire Ins. Co. v. Smith, 145 Tex. 482, 199 S.W.2d 486 as supporting its position. The facts are quite different. There the clerk actually *and timely* filed the unauthorized statement of facts, and appellee waived his right to have it stricken by his failure to file his motion to strike within 30 days, as required by Rule 404. Late filing of the statement of facts is not an informality that can be waived. Consolidated Casualty Insurance Company v. Wade, supra.

The motion of appellee to strike the Statement of Facts purporting to have been filed in this appeal on April 10th, 1968, is granted.