Jerry A. JACKSON, Appellant,

v.

David C. HENDRIX, Appellee.

No. 17422.

Court of Civil Appeals of Texas, Fort Worth.

April 27, 1973.

Pat F. Beadle, Denton, for appellant.

David C. Hendrix, pro se.

---

OPINION

LANGDON, Justice.

This cause of action was before the court without a jury. It was not reported by a court reporter. The record does not contain findings of fact or conclusions of law nor does it reflect any request therefor.

■ The transcript contains a one page document entitled "Statement of Facts" which was signed by the attorney for the appellant, defendant. The document was not approved by the court or the opposing party. There is no showing that such document was ever presented to the court or to the opposing party.

The above "Statement of Facts" does not comply with the provisions of Rules 377 or 378, Texas Rules of Civil Procedure. It does not, therefore, qualify as a Statement of Facts. In our opinion the case of Pacific Fire Ins. Co. v. Smith, 145 Tex. 482, 199 S.W.2d 486 (Tex.Sup., 1947) relied upon by the appellant is not applicable.

On this appeal the appellant presents two points of error. The first is no evidence and the second insufficient evidence.

■ It is presumed on appeal that there was sufficient evidence introduced at the trial at which the judgment appealed from was rendered to support the trial court's findings and judgment. City of Denison v. Jennings Furniture Company, 424 S.W.2d 716 (Dallas Civ.App., 1968, ref., n. r. e); Credit Exchange of Dallas, Inc. v. Bell, 427 S.W.2d 674 (Dallas Civ.App., 1968, no writ hist.). See also cases listed under Note 15 to Rule 377 as shown in Vol. 4 of Vernon's Texas Rules of Civil Procedure.

■ In the absence of a statement of facts this Court is unable to determine whether or not there was "no evidence" or "insufficient evidence" introduced at the trial to support the judgment rendered by the court.

■ The appellant had the burden here to procure and file in this Court a proper statement of facts or to show that his inability to do so was not due to his fault or failure to exercise due diligence. State v. Ripke, 426 S.W.2d 599 (Corpus Christi Civ.App., 1968, ref., n. r. e.).

Under this record we must abide by the presumption that the evidence was sufficient to support the judgment of the trial court.

The two points of error are overruled and the judgment of the trial court is affirmed.