HYATT CORPORATION, d/b/a Hyatt House Hotel, Appellant,

v.

Jerome TRAHAN, Appellee.

No. 18539.

Court of Civil Appeals of Texas, Dallas.

March 13, 1975.

Laurel A. Bates, Dallas, for appellant.

Norman P. Hines, Jr., Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Jerome Trahan brought this suit against Hyatt Corporation, doing business as Hyatt House Hotel of Dallas (hereinafter referred to as Hyatt), seeking damages resulting from the theft of merchandise from his vehicle while it was parked at the hotel. The trial court rendered judgment, based upon the jury's answers to special issues, in favor of Trahan. We affirm.

In his petition, Trahan alleged that he had driven his van-type vehicle to Dallas to attend a convention, and had registered at the Hyatt House Hotel as a guest. He alleged that he made inquiry of the hotel's agent as to whether the items of merchandise, that he purchased at a convention in the hotel, contained in his vehicle would be safe if such vehicle was left parked in the basement parking area provided for guests. Trahan alleged he was assured by such agents that said items of merchandise would be safe in that location and relying on these assurances, he left the items of merchandise in his vehicle, and they were subsequently stolen. He charged Hyatt with negligence in failing to have a watchman on duty, and in failing to properly protect the property of a guest of the hotel. Hyatt denied ever having possession, custody or control of the vehicle, and therefore, specifically denied the existence of a bailment.

The jury, in answer to special issues, found: (1) that Hyatt had represented to Trahan that his vehicle and its contents would be safe in the underground parking

garage; (2) that such representation was negligence; (3) that such negligence was a proximate cause of the loss of Trahan's merchandise. The amount of such damages was stipulated as being $1,699.79.

In its motion for judgment *non obstante veredicto* Hyatt asked the trial court to set aside and disregard the jury's answers to the three special issues because the same were not supported by any evidence. Hyatt presents three points of error in which it argues that the trial court erred in not disregarding the jury's answers to the three speical issues because the same are "not supported by any evidence."

 Hyatt's "no evidence" points of error are overruled. We are unable to determine the questions of "no evidence" for the simple reason that there is no statement of facts before us. In the absence of a statement of facts, we must presume that sufficient evidence was introduced in the trial court to support the findings of the jury in response to special issues submitted to them. Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683, 685 (1951). In Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363, 365 (1945), the court said:

> It is not open to question that in the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment and where there are no findings and no statement of facts, such facts as are necessary to support the judgment must be presumed to have been found.

The burden rests upon appellant to timely secure and file in the appellate court a proper statement of facts, or show his inability through no fault of his own after the exercise of due diligence on his part. Englander Company, Inc. v. Kennedy, 428 S.W.2d 806, 807 (Tex.1968); State v. Ripke, 426 S.W.2d 599, 605 (Tex.Civ. App.—Corpus Christi 1968, writ ref'd n. r. e.); Jackson v. Hendrix, 494 S.W.2d 652, 653 (Tex.Civ.App.—Fort Worth 1973, no

writ). It is only in an exceptional case that an appellant is entitled to reversal of the trial court's judgment in the absence of a statement of facts. Houston Fire & Casualty Insurance Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600, 603 (1953). The case before us is not such an exceptional case.

Appellant's points are overruled. The judgment of the trial court is affirmed.