v.

**The STATE of Texas, Appellee.**

**No. A2714.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 6, 1981.

Susan B. Biggs, San Antonio, for appellant.

Alan Battaglia, Chief Appellate Section, Asst. Dist. Atty., San Antonio, for appellee.

Before BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal by O. C., a juvenile, from her commitment to the custody of the Texas Youth Council based on an adjudication in a nonjury trial that she had engaged in delinquent conduct by exhibiting a handgun to threaten or place one Pedro Castillo in fear of imminent bodily injury or death while O. C. was in the act of committing theft of a wallet from Castillo. We affirm.

Appellant presents two points of error. The first point complains of the trial court's admission into evidence of certain testimony claimed by Appellant to be hearsay. The second point claims that there was no evidence that the appellant had engaged in the delinquent conduct described above.

 No statement of facts has been filed in this appeal. Without a statement of facts it will be presumed that every fact necessary to support the judgment was proved at the trial. *Mays v. Pierce*, 154 Tex. 487, 281 S.W.2d 79, 82 (1955); *Ratcliff v. Sherman*, 592 S.W.2d 81, 83 (Tex.Civ. App.–Tyler 1979, no writ). Therefore, the no evidence point raised in the second point of error is overruled.

 As to appellant's first point of error complaining of the admission of hearsay testimony, we would point out that without a statement of facts or a bill of exceptions appellant is unable to demonstrate to this court that she made a proper and timely objection to such evidence in the trial court and that she secured the court's ruling thereon. In the absence of a statement of facts or bill of exceptions, the appellate court cannot consider points of error relating to the admission or exclusion of evidence. *Corrigan v. Heard*, 225 S.W.2d 446 (Tex.Civ.App.–San Antonio 1949, writ ref'd n.r.e.); *Duin v. King*, 317 S.W.2d 236 (Tex. Civ.App.–San Antonio 1958, no writ); *Heights Savings Ass. v. Cordes*, 412 S.W.2d 372 (Tex.Civ.App.–Houston, 1967, no writ); 4 Tex.Jur.3rd *Appellate Review* § 339 (1980). Additionally, on review of a judgment in a nonjury case, without findings of fact and conclusions of law it is presumed that the trial court did not consider inadmissible evidence. *Mercer v. State*, 450 S.W.2d 715 (Tex.Civ.App.–Austin 1970, no writ). In the instant case such presumption would apply. The appellant's first point of error is overruled.

Affirmed.