**James M. COLLINS, Appellant,**

v.

**WILLIAMSON PRINTING CORPORATION,
Appellee.**

**No. 05–87–00333–CV.**

Court of Appeals of Texas,
Dallas.

Jan. 15, 1988.

William Andress, Jr., Dallas, for appellant.

John J. Little, Dallas, for appellee.

Before WHITHAM, McCLUNG and STEWART, JJ.

WHITHAM, Justice.

Appellee, Williamson Printing Corporation, brought this action to collect a balance due it for services rendered and campaign materials produced in connection with appellant James M. Collins' campaign for the United States Senate. The trial court submitted four special issues. In answer to those issues, which are unchallenged on this appeal, the jury found that Collins' campaign committee was authorized by Collins to incur a debt to Williamson Printing, that there was a balance due Williamson Printing on the debt so incurred, that the amount of the balance due was $29,526.68, and that Williamson Printing was entitled to recover attorneys' fees of $5,500.00. Based on these findings, the trial court rendered judgment on the jury's verdict in favor of Williamson Printing. We have no statement of facts. In the absence of a statement of facts we find no merit in Collins' points of error complaining of the admission of evidence and the sufficiency of the evidence. Moreover, we find no merit in Collins' points of error regarding application of the Uniform Commercial Code and the Texas Election Code. It is only in an exceptional case that an appellant is entitled to reversal of the trial court's judgment in the absence of a statement of facts. The case before us is not such an exceptional case. *Hyatt Corp. v. Trahan*, 521 S.W.2d 149, 150 (Tex.Civ.App.—Dallas 1975, no writ). Accordingly, we affirm.

Before addressing the merits of Collins' fifteen points of error, we first explain our observation that we have no statement of facts. The trial court signed the final judgment on December 16, 1986. Collins filed a timely motion for new trial on January 8, 1987. Consequently, the last day to file the statement of facts was Thursday, March 26, 1987. TEX.R.APP.P. 54(a). The last day to file a motion to extend the time to file the statement of facts was Friday, April 10, 1987. TEX.R. APP.P. 54(c). On April 20, 1987, Collins tendered to the clerk his motion to extend the time to file the statement of facts. The clerk's office erroneously placed an "April 20, 1987" file mark on that motion. By order dated May 11, 1987, another panel of this court, on its own motion, struck Collins' motion to extend the time to file the statement of facts for want of jurisdiction, citing *Pierson v. Josef Manufacturing, Inc.*, 665 S.W.2d 193 (Tex.App.—Dallas 1984, no writ) (per curiam). An appellant's motion for extension of time to file the transcript and statement of facts must be

filed within fifteen days of the last day for filing as prescribed by Rule 21c (now TEX. R.APP.P. 54(c)). *Click v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982). In the present case, Collins did not timely file the statement of facts or file a motion for extension of time within fifteen days of the due date. Therefore, we do not have the authority to consider Collins' motion to extend the time to file the statement of facts. *See Click v. Safari Drilling Corp.*, 638 S.W.2d at 862. We recognize that at the time Collins tendered his motion to extend the time to file the statement of facts, his motion to extend the time for filing his cost or appeal bond was pending. A timely motion to extend time for filing a cost or appeal bond, however, even if granted, does not extend the time for filing the transcript or statement of facts. *See Pierson v. Josef Manufacturing, Inc.*, 665 S.W.2d at 193. Consequently, in the present case, this court did not have the authority to consider Collins' motion to extend the time to file the statement of facts. *See Click v. Safari Drilling Corp.*, 638 S.W.2d at 862. We conclude, therefore, that this court, on its own motion, properly struck Collins' motion to extend the time to file the statement of facts for want of jurisdiction. Hence, we have no statement of facts and proceed to the merits of Collins' fifteen points of error on the record before us.

█ In his third point of error, Collins complains of the admission of the testimony of Jerry Williamson. In his points of error four through eleven, Collins complains of the admission of Williamson Printing's exhibits. Without a statement of facts, appellate courts are limited generally to complaints involving (1) errors of law; (2) erroneous pleadings or rulings thereon; (3) an erroneous charge; (4) irreconcilable conflicts of jury findings; (5) summary judgments; and/or (6) fundamental error. *American Mutual Liability Insurance Co. v. Guerrero*, 678 S.W.2d 264, 265 (Tex. App.—Corpus Christi 1984, no writ). Without a statement of facts, we are unable to determine if Collins properly preserved error in the trial court with regard to the admission of Williamson's testimony or the

exhibits. On review of the record, we find no fundamental error. We overrule Collins' points of error three through eleven.

█ In his twelfth point of error, Collins complains that the trial court improperly overruled his motion for directed verdict and his motion for judgment notwithstanding the verdict. We read Collins' brief to argue that there was no evidence to support submission of the issues to the jury and to support the jury's findings to those issues. We quote Collins' prayer in his brief:

We submit that [Williamson Printing] failed to establish its burden of proof by competent evidence and that there is *no evidence* in this record to justify the Judgment as entered, and the cause should be *reversed and rendered* that Williamson [Printing] take nothing against Collins.

(Emphasis added). The burden rests upon appellant to timely secure and file in the appellate court a proper statement of facts, or show his inability through no fault of his own after the exercise of due diligence on his part. *Hyatt Corp. v. Trahan*, 521 S.W.2d at 150. We are unable to determine the "no evidence" questions for the simple reason that there is no statement of facts before us. In the absence of a statement of facts, we must presume that sufficient evidence was introduced in the trial court to support the findings of the jury in response to special issues submitted to them. *Hyatt Corp. v. Trahan*, 521 S.W.2d at 150. Legal and factual insufficiency of the evidence cannot be considered on appeal in the absence of a statement of facts. *Byrd v. Texas Department of Human Resources*, 673 S.W.2d 640, 642 (Tex.App.— San Antonio 1984, no writ). Therefore, without a statement of facts we are unable to determine if the trial court improperly overruled Collins' motion for directed verdict and motion for judgment notwithstanding the verdict. We overrule Collins' twelfth point of error.

In his fourteenth point of error, Collins contends that there is no evidence to sup-

port the jury's finding, in answer to special issue number one, that the Collins Campaign Committee had authority from Collins to incur the debt in question. Again, we are unable to determine this "no evidence" question for the simple reason that there is no statement of facts before us. In the absence of a statement of facts, we must presume that sufficient evidence was introduced in the trial court to support the findings of the jury in response to special issues submitted to them. *Hyatt Corp. v. Trahan*, 521 S.W.2d at 150. Thus, without a statement of facts, we cannot say that there is no evidence to support the jury's finding in response to special issue number one. We overrule Collins' fourteenth point of error.

In his fifteenth point of error, Collins contends that from the undisputed evidence the amount of the balance of the debt, found by the jury in answer to special issue number three, was excessive. An issue as to excessiveness of a verdict must be determined by the evidence in a particular case. *National Bonding Agency v. Demeson*, 648 S.W.2d 748, 750 (Tex.App.—Dallas 1983, no writ). Absent a statement of facts, an appellate court cannot say that an award was excessive. *See National Bonding Agency v. Demeson*, 648 S.W.2d at 750. Hence, in the present case this court cannot determine that the amount of the balance of the debt found by the jury was excessive. We overrule Collins' fifteenth point of error.

In his second point of error, Collins contends that Williamson Printing cannot recover because it failed to comply with certain provisions of Chapter 14 of the Texas Election Code. Collins argues that the Texas Election Code in 1982 required printers like Williamson Printing to reflect on orders taken for political advertising the name and address of the person responsible for placing the order. Political Funds Reporting and Disclosure Act, ch. 711 § 11, 1975 Tex.Gen.Laws, Local & Spec. 2257, 2268–69, *amended by* Act of June 15, 1977, ch. 657 § 1, 1977 Tex.Gen.Laws 1663 (now codified in substantially the same language at TEX.ELEC.CODE ANN. § 251.015(a)

(Vernon 1986)). Collins argues that the Code also required printers to attach to the order an affidavit stating that the prices charged by the printer were comparable to those charged for non-political advertising. Although Collins states in his brief that he finds this requirement in section 14.10 of the Texas Election Code as it existed in 1982, which applies to campaign communications, we think Collins meant to refer to section 14.09 of the Code in 1982, which applies to political advertising (now codified in substantially the same language at TEX. ELEC.CODE ANN. § 251.015(b) (Vernon 1986)). We find no reference in either section 14.09 or 14.10 of the Code as it existed in 1982 to the requirement that an affidavit must be attached to the order by the printer. Nevertheless, Collins maintains that the Election Code required Williamson Printing to prove compliance with these *purported* requirements of the Election Code. Collins insists that Williamson Printing failed to prove compliance and, therefore, is barred from any recovery.

For the purposes of this opinion, we assume, but do not decide, that the Texas Election Code, as read by Collins, applies and has not been preempted by the Federal Election Campaign Act. 2 U.S.C.A. § 431 (West 1985). In this connection, we recognize that in the present case the Texas Election Code may stand preempted by the Act. The provisions of this Act, and of rules prescribed under this Act, supersede and preempt any provision of State law with respect to election to federal office. 2 U.S.C.A. § 453 (West 1985). *See also* Op. Tex.Att'y.Gen. Nos. H–433 (1974), H–588 (1975); *KVUE, Inc. v. Austin Broadcasting Corp.*, 709 F.2d 922, 931–36 (5th Cir. 1983), *affirmed* 465 U.S. 1092, 104 S.Ct. 1580, 80 L.Ed.2d 114 (1984); Crofts, *Texas Restrictions on Political Campaign Contributions and Expenditures*, 9 St. Mary's L.J. 31, 34–35 (1977). Nevertheless, where there is no statement of facts, such facts as are necessary to support the judgment must be presumed to have been found. *Hyatt Corp. v. Trahan*, 521 S.W.2d at 150. Without a statement of facts it will be presumed that every fact necessary to support the judgment was proved at trial.

*O.C. v. State,* 616 S.W.2d 423, 424 (Tex. App.—Houston [14th Dist.] 1981, no writ). Thus, we presume that Williamson Printing proved compliance with the requirements of the Texas Election Code in the matters identified by Collins. Consequently, we conclude that Williamson Printing is not barred from recovery for failure to comply with the Texas Election Code. We overrule Collins' second point of error.

■ In his first point of error, Collins contends that the contract for printing services and campaign materials with Williamson Printing was unenforceable under section 2.201 of the Texas Business and Commerce Code, requiring that a contract for the sale of goods for the price of $500.00 or more be in writing to be enforceable. TEX.BUS. & COM.CODE ANN. § 2.201(a) (Vernon 1968). In response, Williamson points to an exception to the requirement that a contract for the sale of goods for the price of $500.00 or more be in writing to be enforceable. Williamson Printing asserts that contracts which do not satisfy the "writing" requirement are enforceable "with respect to goods ... which have been received and accepted." TEX.BUS. & COM.CODE § 2.201(c)(3) (Vernon 1968). In the present case, a necessary fact to support the judgment was that Collins received and accepted the printing services and campaign materials. As a general rule, where no statement of facts is present in the record before the court of appeals, the court may conclude that every fact necessary to support the judgment, within limits of the pleadings, was proved at trial. *Jaramillo v. Liberty Mutual Fire Insurance Co.,* 694 S.W.2d 585, 587 (Tex.App.— Corpus Christi 1985, writ ref'd n.r.e.). In the present case, therefore, absent a statement of facts, we conclude that it was proved at trial that Collins received and accepted the printing services and campaign materials. Consequently, we conclude further that the contract for printing services and campaign materials with Williamson Printing was enforceable under the Texas Business and Commerce Code. We overrule Collins' first point of error.

■ In his thirteenth point of error, Collins contends that his appointment of a campaign committee insulated him from liability unless expressly assumed. In answer to special issue number one, the jury found that the Collins Campaign Committee had authority from Collins to incur the debt in question. We conclude, therefore, that we need not decide whether Collins can avoid liability to Williamson Printing by organizing a committee to direct the daily activities of his campaign. Furthermore, we conclude that we need not decide whether Collins expressly assumed the liability to Williamson Printing. We reach these two conclusions because the jury found that the campaign committee had authority from Collins to incur the debt in question. We reason that if Collins authorized the obligation, there can be no issue of insulation by the committee and there can be no issue of assumption of the debt. In the present case, therefore, a necessary fact to support the judgment was that the Collins Campaign Committee had authority from Collins to incur the debt in question. As a general rule, where no statement of facts is present in the record before the court of appeals, the court may conclude that every fact necessary to support the judgment, within the limits of the pleadings, was proved at trial. *Jaramillo v. Liberty Mutual Fire Insurance Co.,* 694 S.W.2d at 587. In the present case, therefore, absent a statement of facts, we conclude that the Collins Campaign Committee had authority from Collins to incur the debt in question. Thus, the committee became Collins' agent. Consequently, we conclude that Collins' appointment of a campaign committee did not insulate him from liability unless expressly assumed. We overrule Collins' thirteenth point of error.

Having overruled each of Collins' fifteen points of error, we affirm the trial court's judgment.