**Larry F. SMITH, Appellant,**

v.

**Edward J. and Diana GRACE, Appellees.**

**No. 05–95–00155–CV.**

Court of Appeals of Texas,
Dallas.

Jan. 24, 1996.

Robert K. Dowd, Charles W. Blount, III, Dowd & Blount, Dallas, for Appellant.

Joe Chumlea, Bragg Chumlea McQuality Smithers & Curry, Dallas, for Appellees.

Before BARBER, JAMES, and WRIGHT, JJ.

## OPINION

JAMES, Justice.

Larry F. Smith appeals the trial court's judgment awarding actual and exemplary damages to Edward J. and Diana Grace. In seven points of error, Smith complains generally that: (1) this Court erred in refusing to file the statement of facts; (2) the judgment is against the great weight and preponderance of the evidence; (3) the trial court miscalculated actual damages; (4) the trial court erred in awarding excessive actual and punitive damages; (5) the trial court failed to apply chapter 27 of the Texas Property Code; and (6) the trial court erred in awarding a take-nothing judgment against Smith's employer. We affirm the trial court's judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

The Graces built a home in an area known as Stonebriar. They purchased the developed lot from Stonebriar General Partnership. The Graces contracted with T.R. Connally, one of Stonebriar's approved builders, to build the house. Connally hired Steve Hanna d/b/a Concrete Contractors to construct the foundation. Concrete Construction Systems, Inc. (CCS) designed the plans for the construction of the foundation system. Smith is employed by CCS as an engineer and did the design work on the foundation system.

After the Graces moved into their new home, they noticed the house was moving and cracking. Eventually, the foundation cracked, and the Graces filed suit against Smith, CCS, Stonebriar, Hanna, and Connally. Smith and CCS counterclaimed for bad faith under the DTPA.

Stonebriar settled with the Graces, and the claims against Stonebriar were dismissed. Smith and CCS proceeded to a trial before the court. Connally and Hanna did not appear at trial. On October 5, 1994, the trial court rendered a judgment that: (1) Smith and CCS take nothing on their counterclaim against the Graces; (2) the Graces take nothing on their claims against Connally and CCS; and (3) awarded the Graces actual and punitive damages from Smith, individually. The judgment does not expressly dispose of the Graces' claims against Hanna.

## JURISDICTION

Because we questioned the finality of the trial court's judgment in this appeal, we directed the parties to file a supplemental transcript containing an order expressly disposing of claims or parties that might remain pending. We now consider, *sua sponte*, whether there is a final, appealable judgment. *See Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex.App.—Dallas 1994, writ denied) (we must inquire into our own jurisdiction, even if it is necessary to do so *sua sponte* ).

### Applicable Law

■ Final judgments are appealable. To be final, a judgment must dispose of all the issues and parties in a case. *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex.1966). If a judgment is rendered in a case regularly set for trial on the merits, it is presumed to be final, absent an order for separate trial or a reservation of claims for later disposition. *Aldridge*, 400 S.W.2d at 897–98. The remaining claims not expressly disposed of are considered waived, abandoned, dismissed, or discontinued. *Aldridge*, 400 S.W.2d at 896.

■ Proceeding to trial operates as a discontinuance to defendants that have not been served and do not appear at trial. *First Dallas Petroleum, Inc. v. Hawkins*, 715 S.W.2d 168, 169–70 (Tex.App.—Dallas 1986, no writ). When a plaintiff takes a judgment against the other defendants, the case stands as if there has been a dismissal with respect to the unserved defendant. *Hawkins*, 715 S.W.2d at 170. Such a judgment is a final, appealable judgment. *Hawkins*, 715 S.W.2d at 170.

### Application of Law to Facts

■ The Graces' third amended petition named Smith, Stonebriar, CCS, Connally, and Steve G. Hanna d/b/a Concrete Contractors as defendants. An agreed order of dismissal between the Graces and Stonebriar

was entered on September 1, 1995. The trial court's October 5, 1994 judgment ordered: (1) Smith and CCS take nothing on their claims against the Graces; (2) the Graces take nothing on their claims against Connally and CCS; and (3) the Graces receive actual and punitive damages from Smith, individually. The judgment does not dispose of the Graces' claims against Hanna.

We questioned the finality of the trial court's judgment in this appeal, so we directed the parties to file a supplemental transcript containing an order expressly disposing of claims or parties that might remain pending. We stated that because the record did not affirmatively reflect whether Hanna was served, if a supplemental transcript containing an order expressly disposing of the Graces' claims against Hanna·was not filed, this Court would presume Hanna was not served. The Graces responded that Hanna was never served with process. Smith did not respond.

During oral argument, the Graces and Smith conceded that Hanna was never served with process and never made an appearance. Because the Graces proceeded to trial and took a judgment against the other defendants, the case stands as if there has been a dismissal with respect to Hanna, the unserved defendant. *See Hawkins,* 715 S.W.2d at 170. Therefore, we conclude the October 5, 1994 judgment is a final, appealable judgment. *See Hawkins,* 715 S.W.2d at 170.

## STATEMENT OF FACTS

In point of error one, Smith complains this Court erred in refusing to accept and file the statement of facts. Smith contends that if the Clerk of this Court had complied with rule 56(b) of the rules of appellate procedure, he would have timely filed a motion to extend the time to file the statement of facts. Smith also argues that a portion of the statement of facts was timely filed and the statement of facts that we rejected as untimely filed must be construed as a supplement to the partial statement of facts.

## Applicable Law

The record on appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts. TEX.R.APP.P. 50(a). The transcript consists of the written pleadings and other papers filed with the trial court. *See* TEX.R.APP.P. 51. The transcript is prepared and certified by the district clerk. *See* TEX.R.APP.P. 51(c). The statement of facts, on the other hand, consists of a transcription of the trial proceedings and evidence. *See* TEX.R.APP.P. 53(a). The statement of facts is prepared and certified by the court reporter. *See* TEX.R.APP.P. 53(f).

The statement of facts shall be filed within one hundred and twenty days after the judgment is signed if a motion for new trial is timely filed. TEX.R.APP.P. 54(a). An extension of time may be granted for late filing in a court of appeals of a statement of facts if a motion is filed not later than fifteen days after the last date for filing the statement of facts. TEX.R.APP.P. 54(c).

■ Appellant bears the ultimate burden of ensuring that the statement of facts is properly before this Court. It is the appellant's responsibility to ensure that the statement of facts is timely filed or to make proper motion for an extension of time. *See* TEX.R.APP.P. 53(k); *Nix v. Fraze,* 752 S.W.2d 118, 120 (Tex.App.—Dallas 1986, no writ). This Court has no authority to consider a late-filed statement of facts. *See* TEX. R.APP.P. 54(a); *Office of Pub. Util. Counsel v. Public Util. Comm'n,* 878 S.W.2d 598, 599 (Tex.1994). Failure to timely file the statement of facts does not affect the jurisdiction of the court of appeals, "but shall be ground for dismissing the appeal, affirming the judgment appealed from, disregarding materials filed, or applying presumptions against the appellant." TEX.R.APP.P. 54(a); *see Office of Pub. Util. Counsel,* 878 S.W.2d at 599.

Failure of the clerk to notify the appellant the statement of facts is late does not excuse the appellant from his burden of ensuring the statement of facts is properly before the court of appeals. *See Meridian Resources v. Colley Gin Co.,* 430 S.W.2d 372, 373 (Tex.Civ. App.—Corpus Christi 1968, no writ).

### Application of Law to Facts

The trial court signed the final judgment on October 5, 1994. Because a timely motion for new trial was filed, the transcript and statement of facts were due in this Court on February 2, 1995. *See* Tex.R.App.P. 54(a). The transcript was timely filed on February 2, 1995. The statement of facts was tendered on February 8, 1995. On February 24, 1995, Smith filed a motion to extend the time for filing the statement of facts.

Smith contends that if the Clerk of this Court had complied with rule 56(b) of the rules of appellate procedure and had given him notice that the statement of facts was not timely, he would have timely filed a motion to extend the time to file the statement of facts. It is Smith's responsibility, not the Clerk of this Court's responsibility, to ensure that the statement of facts is timely filed or to file a proper motion for an extension of time. *See Nix*, 752 S.W.2d at 120; *see also Meridian Resources*, 430 S.W.2d at 373.

■ Smith also argues that a portion of the statement of facts was timely filed and the statement of facts that we rejected as untimely filed must be construed as a supplement to the partial statement of facts. Smith filed a supplemental transcript on March 17, 1995. The supplemental transcript contains a portion of the cross-examination of one witness which was attached to the motion for new trial but was not included in the original transcript. Smith contends that this is a timely filed "partial statement of facts," and the statement of facts tendered to this Court on February 8, 1995 must be construed as a supplement to the partial statement of facts that was filed in the supplemental transcript on March 17, 1995. We disagree. The rules of appellate procedure clearly indicate that the transcript and the statement of facts are two separate documents. We conclude the transcription of testimony attached as an exhibit to the motion for new trial is not a statement of facts as contemplated by rule 53 of the rules of appellate procedure.

Because the statement of facts was tendered after the due date, and the motion to extend the time for filing the statement of facts was filed more than fifteen days after the statement of facts was due, we have no authority to consider the statement of facts. We overrule point of error one. *See* Tex. R.App.P. 54(a).

### EVIDENTIARY POINTS OF ERROR

In point of error two, Smith complains the trial court's judgment was against the great weight and preponderance of the evidence. In point of error three, Smith complains the trial court miscalculated the actual damages awarded. In point of error four, Smith complains the trial court awarded damages that were not supported by the evidence. In point of error six, Smith complains the trial court erred by not applying the Residential Construction Liability Act. In point of error seven, Smith complains the trial court erred by entering a take-nothing judgment against CCS and a monetary judgment against CCS's employee, Smith, because an employee is only liable if the employee acts beyond the scope of his authority.

### Applicable Law

■ We must address every issue raised and necessary to final disposition of the appeal. Tex.R.App.P. 90(a); *Office of Pub. Util. Counsel*, 878 S.W.2d at 599. Resolution of some issues will not necessarily require a statement of facts, such as those involving legal error. *Office of Pub. Util. Counsel*, 878 S.W.2d at 599–600. The requirement of a statement of facts applies to issues which require reference to the evidence. *Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex.), *cert. denied*, 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983). In the absence of a complete statement of facts, we must presume that sufficient evidence was introduced in the trial court to support the judgment. *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991); *see Collins v. Williamson Printing Corp.*, 746 S.W.2d 489, 491 (Tex.App.—Dallas 1988, no writ).

### Application of Law to Facts

Points of error two, three, four, six, and seven require a review of evidence. Therefore, a complete statement of facts is re-

quired for these points of error. In the absence of a complete statement of facts, we must presume that sufficient evidence was introduced in the trial court to support the judgment. *See Schafer,* 813 S.W.2d at 155; *see also Collins,* 746 S.W.2d at 491. We overrule points of error two, three, four, six, and seven.

## PUNITIVE DAMAGES

In point of error five, Smith complains the trial court erred in awarding punitive damages. Specifically, Smith contends the Graces failed to properly plead punitive damages, and they were not established by the evidence.

### Pleading Defect

A party waives any defect, omission, or fault in a pleading that is not specifically pointed out by a special exception. TEX.R.CIV.P. 90; *J.K. & Susie L. Wadley Research Inst. & Blood Bank v. Beeson,* 835 S.W.2d 689, 693 (Tex.App.—Dallas 1992, writ denied). The movant then has the burden to obtain a hearing to present its special exceptions to the trial court and obtain a ruling. *Hanners v. State Bar,* 860 S.W.2d 903, 912 (Tex.App.—Dallas 1993, no writ); *R.I.O. Sys., Inc. v. Union Carbide Corp.,* 780 S.W.2d 489, 491 (Tex.App.—Corpus Christi 1989, writ denied). If the record does not show the movant obtained a ruling on the special exceptions, the movant has failed to preserve this complaint for appellate review. TEX.R.APP.P. 52(a); *Hanners,* 860 S.W.2d at 912; *R.I.O. Sys., Inc.,* 780 S.W.2d at 491.

Smith filed a special exception complaining of the Graces' pleading. The record does not contain a ruling on the special exceptions. Therefore, Smith waived any complaint concerning pleading deficiencies. *See* TEX. R.APP.P. 52(a); *see also Hanners,* 860 S.W.2d at 912; *R.I.O. Sys., Inc.,* 780 S.W.2d at 491.

### Sufficiency of the Evidence

Point of error five also complains that punitive damages were not established by the evidence as required by *Transportation Insurance. Co. v. Moriel,* 879 S.W.2d 10 (Tex. 1994). This issue requires us to resolve the tension between two seemingly conflicting areas of law.

On one hand, this Court has no authority to consider a late-filed statement of facts. *See* TEX.R.APP.P. 54(a); *Office of Pub. Util. Counsel,* 878 S.W.2d at 599. The requirement of a statement of facts applies to issues which require reference to the evidence. *Segrest,* 649 S.W.2d at 611. In the absence of a complete statement of facts, we must presume that sufficient evidence was introduced in the trial court to support the judgment. *See Schafer,* 813 S.W.2d at 155; *see also Collins,* 746 S.W.2d at 491.

On the other hand, punitive damages require appropriate procedural and substantive safeguards to minimize the risk of unjust punishment. *Moriel,* 879 S.W.2d at 16–17. Courts of appeals must therefore "carefully scrutinize punitive awards to ensure they are supported by the evidence." *Moriel,* 879 S.W.2d at 31.

The *Moriel* court held "the court of appeals, *when conducting a factual sufficiency review* of a punitive damages award, must hereafter detail the relevant evidence in its opinion, explaining why that evidence either supports or does not support the punitive damages award in light of the *Kraus* factors." *Moriel,* 879 S.W.2d at 31 (discussing *Alamo Nat'l Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981)) (emphasis added). Thus, *Moriel* requires consideration of evidence adduced at trial. *Ellis County State Bank v. Keever,* 915 S.W.2d 478, 479 (Tex.1995).

In summary, the conflict is this: Although *Moriel* and *Keever* require us to explain why the evidence either supports or does not support the punitive damages award, we can do neither in the absence of a statement of facts.

The starting point for our analysis is the language from the *Moriel* opinion that we must detail the relevant evidence "*when conducting a factual sufficiency review* of a punitive damages award." *Moriel,* 879 S.W.2d at 31 (emphasis added). Clearly, the *Moriel* requirement only applies when this Court conducts a factual sufficiency review. The *Moriel* requirement does not apply when this Court is precluded from conducting a

factual sufficiency review, such as when there is no statement of facts.

Because the issue of whether punitive damages are supported by the evidence is not strictly a question of law, in the absence of a complete statement of facts, we must presume that sufficient evidence was introduced in the trial court to support the judgment. *See Schafer,* 813 S.W.2d at 155; *Segrest,* 649 S.W.2d at 611; *Collins,* 746 S.W.2d at 491.

A more practical consideration provides additional guidance. If a party that was liable for punitive damages could successfully have the trial court judgment reversed by not filing a statement of facts, both the appellate and trial processes would be undermined.

We overrule point of error five. Accordingly, we affirm the trial court's judgment.