11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Don Bailey, Individually
and d/b/a Bailey Construction Company

Appellant

Vs.                   No.  11-00-00279-CV C Appeal from Jones County

Donald W. Waters, Jr.

Appellee

 

Donald W.
Waters, Jr. filed suit against Don Bailey seeking recovery for injuries he
received while working at Bailey Construction Company.  The jury found that Bailey=s negligence caused the injuries to Waters
and awarded Waters $386,110.74 in damages. 
The trial court ordered Bailey to pay $144,359.19 in prejudgment
interest and post-judgment interest at a rate of ten percent per annum.  Bailey brings five issues on appeal
challenging the trial court=s award of damages and prejudgment interest to Waters.  We modify the judgment and affirm as
modified.

In his
first issue on appeal, Bailey argues that the trial court erred in awarding
damages to  Waters because Bailey could
not foresee the accident which caused Waters= injuries.  In reviewing
no-evidence points, we must view the evidence in the record in a light which
tends to support the finding of the disputed fact and disregard all evidence
and inferences to the contrary.   If
there is any evidence of probative force to support the finding, the
no-evidence point must be overruled. 
Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex.1992); In re King=s Estate, 244 S.W.2d 660 (Tex.1951); see also
Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997), cert.
den=d, 523 U.S. 1119 (1998).








Bailey
testified at trial that he hired Waters as a Acommon laborer to do what he was told to do.@ 
Bailey stated that Waters followed instructions, got along well with his
coworkers, and Adid what he was told.@ 
Bailey stated that on May 20, 1996, he was working at the Livestock
Auction facility in Stamford along with about eight of his employees.  On that day, Bailey told Doyle Lee, his
foreman, that he needed help moving some sheet metal. Waters brought a clamp to
attach the sheet metal to the front-end loader in order to move it.  Lee testified that he clamped the sheet
metal to the right side of the loader bucket. 
Waters was instructed to walk beside the loader and keep the sheet metal
steady as it was being moved.  Bailey,
who was driving the loader, testified that he got down off of the loader and
placed Waters on the right side of the loader. 


Bailey
stated that, in moving the sheet metal to the required location, it was
necessary for him to make a left turn. 
Bailey took his eyes off of Waters for a second in order to make eye
contact with the welder who was indicating to Bailey where to place the sheet
metal.  Bailey testified that he felt
the loader Araise up@ and that, when he looked down, there was Aa man under the left-hand wheel.@ 
Bailey stopped the loader after the wheel Arolled off [Waters=] body,@ and Waters told him to back up because the
loader was still on his foot.  Bailey
backed up, got down from the loader, told Waters to lie still, and went to call
911.   After calling 911, Bailey
returned to Waters and told him that he was sorry.  Bailey testified that Waters told him, ADon, it wasn=t your fault.@    

Bailey
offered testimony from several other workers who were present at the scene who
all testified that Waters was on the right side of the loader.  Both Bailey and another contractor testified
that, if Waters had stayed on the right side of the loader, he would not have
been injured.  Bailey offered testimony
that moving the sheet metal with a loader was a safe procedure and that he was
operating the loader in a safe manner. 
Bailey also offered the testimony of other workers who stated that they
had assisted in moving sheet metal with a loader and that they did not feel that
it was dangerous.  

Waters
testified that, when he arrived at work on the day of the accident, he was
instructed by Bailey that they were going to move some sheet metal with the
front-end loader.  Waters stated that he
felt Auncomfortable@ moving the sheet metal with the loader and asked Bailey if they could
carry the sheet metal by hand.  Bailey
informed Waters that they would  move it
with the loader.  Waters stated that the
sheet metal was hooked Ain the middle of the bucket in front@ of the loader and that Bailey told him to Akeep it steady.@  Waters testified that he
walked on the left side of the loader and that he stayed on the left side the
entire time. 








Waters
said that, as he was holding the sheet metal, the loader Agrabbed [his] right foot@ and started Ato pull [him] under.@ Waters fell to the ground; and the loader went over his legs, pelvis,
stomach, ribs, and chest.  Waters was
taken by helicopter to the hospital in Abilene and then taken by helicopter to
Parkland Hospital in Dallas.  The
accident crushed Waters= right foot, broke his  femur
and his pelvis, and severed veins in his groin area.  Waters also suffered ligament damage to his knee and a collapsed
lung.   Waters was in Parkland Hospital
for one month and has undergone seven or eight surgeries.

The
elements of a negligence cause of action are a duty, a breach of that duty, and
damages proximately caused by the breach of that duty.  Doe v. Boys Clubs of Greater Dallas, Inc.,
907 S.W.2d 472, 477 (Tex.1995).  The
components of proximate cause are cause‑in‑fact and
foreseeability.  Doe v. Boys Clubs of
Greater Dallas, Inc., supra.  
Foreseeability requires that a person of ordinary intelligence should
have anticipated the danger created by a negligent act or omission.  Doe v. Boys Clubs of Greater Dallas, Inc.,
supra.  The danger of injury is
foreseeable if its general character might reasonably have been
anticipated.  Doe v. Boys Clubs of
Greater Dallas, Inc., supra.  Bailey
specifically argues that, because Waters was an employee who always followed
instructions, Bailey could not have foreseen that Waters would leave his
designated location on the right side of the loader and move into the path of
the loader.

Viewing
the evidence in a light favoring the jury=s finding, we hold that it was foreseeable that Waters would be injured
while walking beside the front-end loader holding onto the sheet metal. There
was evidence that Waters was walking on the left side of the loader when it
made a left turn.  The record shows that
Waters was on the left side of the loader when he was run over by the left
wheels of the loader.  Bailey=s first issue on appeal is overruled.

In his
second issue on appeal, Bailey contends that the trial court erred in awarding
Waters $100,000.00 in future medical expenses because the pleadings do not
state that future medical expenses were reasonable or necessary.  Waters= pleading for future medical expenses states:

Plaintiff
would further show unto the Court and jury that as a direct and proximate
result of the serious and painful injuries sustained by Plaintiff, he will in
all reasonable medical probability require medical care and attention in the
future in a sum in excess of ten thousand dollars ($10,000.00), for which sum
Plaintiff now asks judgment against the Defendant. 

 








The
purpose of pleadings is to give fair and adequate notice of the facts on which
the pleader bases his claim. 
TEX.R.CIV.P. 45 & 47; Roark v. Allen, 633 S.W.2d 804, 810
(Tex.1982).  We also must construe
pleadings liberally in favor of the pleader if special exceptions have not been
filed.  Stone v. Lawyers Title Insurance
Corporation, 554 S.W.2d 183, 186 (Tex.1977). 
A party waives any defect, omission, or fault in a pleading that is not
specifically pointed out by special exception. 
TEX.R.CIV.P. 90; Smith v. Grace, 919 S.W.2d 673 (Tex.App. - Dallas
1996), cert. den=d, 519 U.S. 1118
(1997).

Waters= pleading adequately informed Bailey that he
would seek future medical expenses, and Bailey did not specially except to the
pleading.  See Ron Craft Chevrolet, Inc.
v. Davis, 836 S.W.2d 672 (Tex.App. - El Paso 1992, writ den=d). 
Bailey waived any complaint concerning pleading deficiencies.  TEX.R.APP.P. 33.1(a); Smith v. Grace,
supra.  Bailey=s second issue on appeal is overruled.  

In his
third issue on appeal, Bailey argues that the trial court erred in awarding
Waters $75,000.00 for past and future physical impairment because there were no
pleadings seeking damages for future physical impairment.  Waters= pleading alleged that, as a Adirect result of the negligent acts and omissions of the Defendant,
Plaintiff has sustained physical impairment in the past in the amount of five
hundred thousand dollars ($500,000.00).@  The jury awarded Waters
$75,000.00 for APhysical impairment sustained in the past and
future@ without separating the past physical
impairment from the future physical impairment.

During the
trial, Waters presented evidence of future physical impairment; and the record
does not reflect that an objection was made that the evidence varied from the
pleadings.  See Ron Craft Chevrolet,
Inc. v. Davis, supra.  There was no
objection to the court=s
charge which asked the jury to state an amount of recovery for past and future
physical impairment.  TEX.R.CIV.P. 274;
see In the Matter of the Marriage of Moore, 890 S.W.2d 821 (Tex.App. - Amarillo
1994, no writ).  Bailey has not
preserved his complaint for review. 
Rule 33.1(a); Ron Craft Chevrolet, Inc. v. Davis, supra.  Bailey=s third issue on appeal is overruled.








In his
fourth issue on appeal, Bailey argues that the trial court erred in making an
improper calculation of prejudgment interest on the judgment.  The trial court awarded Waters A$144,359.19 
prejudgment interest thereon at the rate of ten percent (10%) per annum
from November 7, 1996 until March 31, 2000.@  Bailey contends that the trial
court miscalculated the prejudgment interest and that the correct amount is
$131,061.42.  Waters concedes that the
trial court incorrectly calculated the prejudgment interest and that this court
should reduce the amount of prejudgment interest to $131,061.42.  Bailey=s fourth issue on appeal is sustained, and the judgment is modified to
reflect prejudgment interest in the amount of $131,061.42.

In his
fifth issue on appeal, Waters complains that the trial court erred in awarding
prejudgment interest on future damages. 
In cases involving wrongful death, personal injury, or property damage,
prejudgment interest is governed by TEX. FIN. CODE ANN. ' 304.104 (Vernon Supp. 2001).  Section 304.104 does not require the
separation of past and future damages. 
C & H Nationwide, Inc. v. Thompson, 903 S.W.2d 315 (Tex.1994).  Bailey=s fifth issue on appeal is overruled.

The
judgment of the trial court is modified to reflect prejudgment interest in the
amount of $131,061.42 and, as modified, is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

November 8, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.