Supplemental Memorandum Opinion issued January 23, 2003














In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01040-CV




VICTOR M. ZURITA, D.D.S., INDIVIDUALLY AND D/B/A HEIGHTS
MEDICAL AND DENTAL CLINIC, Appellant

V.

FERNANDO LOMBANA, M.D. AND HOUSTON MEDICAL AND DENTAL
CENTER CORP., Appellee




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 99-48871




SUPPLEMENTAL MEMORANDUM OPINION ON MOTION FOR REHEARING

           On rehearing, Lombana contends this Court erred because the trial court’s granting
of his motion for partial summary judgment was an unreviewable, interlocutory order. We
disagree. It is true that when a motion for summary judgment is ruled on pretrial by the trial
court, and the case is later tried on the merits, the summary judgment ruling cannot be
challenged on appeal. See Ackermann v. Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1966). 
However, a movant may preserve a no evidence or matter of law point of error by filing
either (1) a motion for directed verdict; (2) a motion for judgment notwithstanding the
verdict; (3) an objection to the submission of the question to the jury; (4) a motion to
disregard the jury’s answer to a vital fact question; or (5) a motion for new trial. See Cecil
v. Smith, 804 S.W.2d 509, 510-11 (Tex. 1991).
           In this case, Zurita filed a motion for judgment notwithstanding the verdict, urging
that “[t]he [c]ourt erred as a matter of law granting [Lombana’s] Motion for Partial Summary
Judgment on Liability, because the evidence is legally insufficient to support the entry of this
Order.” The motion also alleged that Lombana’s partial summary judgment on liability was
improperly rendered because there was an issue about “whether the lease required an
extension at a stated rate” and that there was “no evidence that Zurita breached the lease
either by refusing to extend in accordance with the contract and there was no evidence that
Zurita breached the contract in any other manner.” By filing the motion for judgment
notwithstanding the verdict, Zurita has preserved his no evidence and matter of law claims
for appellate review.
           Lombana also contends that this Court erred by rendering a take nothing judgment in
favor of Zurita. Specifically, Lombana contends that, having found in favor of Zurita on the
breach of contract claim, we should have remanded the case to the trial court so that
Lombana’s other claims could have been tried.
           However, the record shows that after Lombana obtained a favorable liability ruling
on the breach of contract claim, the case went to a jury trial on the merits. The only questions
submitted to the jury were the amount of breach of contract damages and attorney’s fees. No
questions were submitted to the jury seeking to establish liability on any of the other grounds
alleged in Lombana’s petition, and the trial court’s final judgment included a Mother
Hubbard clause denying all other relief. If a judgment is rendered in a case regularly set for
trial on the merits, it is presumed to be final, absent an order for separate trial or a reservation
of claims for later disposition. North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 897-98 (Tex. 1966); Smith v. Grace, 919 S.W.2d 673, 675 (Tex. App.—Dallas 1996, writ denied). 
The remaining claims not expressly disposed of are considered waived, abandoned,
dismissed, or discontinued. Aldridge, 400 S.W.2d at 896; Smith, 919 S.W.2d at 675.
           By allowing the case to go to trial, and subsequently to final judgment, without
obtaining jury questions on any of its claims other than breach of contract, or reserving those
claims for a later disposition, Lombana has abandoned the claims. Accordingly, once this
Court decided that Lombana was not entitled to recover on his breach of contract claim, we
properly rendered a take nothing judgment.
           The other issues raised in Lombana’s motion for rehearing are adequately addressed
in this Court’s opinion of October 24, 2002.
           Accordingly, we deny Lombana’s motion for rehearing and motion to publish.
 
 
 

                                                                  Sherry Radack
                                                                  Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.