Opinion filed April 13, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 13, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00302-CV 

                                                    __________

 

                                IN THE INTEREST OF D.R.B., a child

 



 

                                         On
Appeal from the 118th District Court

 

                                                        Howard
County, Texas

 

                                          Trial
Court Cause No. 97-04-39065-CV

 



 

                                              M
E M O R A N D U M  O P I N I O N

 

Appellant, Kelly A. Brill, filed a petition to
modify the parent-child relationship requesting the trial court to appoint her
as sole managing conservator of the parties=
child and a motion to modify visitation. 
The trial court denied both requests. 
We affirm.

The parties were divorced in July of 1998.  They had one child, D.R.B.  Appellee, Billy W. Berry, was named sole
managing conservator of that child following a jury trial.  In 2002, appellant filed a petition to modify
the parent-child relationship requesting that she be appointed sole managing
conservator of the child because of material and substantial changes in the
circumstances of the child.  Appellant
later filed a motion to modify visitation requesting Texas standard visitation
rights.  The trial court denied both
requests, found appellant in contempt for failure to pay child support,
confirmed past-due child support of $2,363.89, and rendered judgment against
appellant for this amount plus postjudgment interest.








Appellant filed a notice of appeal and an
affidavit of indigence.  Appellee and the
court reporter contested the affidavit of indigence.  The trial court sustained their
contests.  Appellant does not challenge
that holding.

Appellant does challenge the trial court=s rulings on her petition to modify the
parent-child relationship and motion to modify visitation with five
issues.  Appellant contends that the
trial court abused its discretion because the evidence established that the
child was endangered while in appellee=s
custody and that appellee was neglecting the child=s
education, that the trial court failed to weigh all of the relevant factors to
determine the best interest of the child, that the trial court erroneously
allowed appellee to set the visitation schedule, and that the trial court
failed to file findings of fact and conclusions of law.

Appellant=s
first four issues involve challenges to the sufficiency of the evidence.  Appellant has not filed a reporter=s record from the hearing.  Without this, we cannot ascertain whether the
evidence was sufficient to support the trial court=s
judgment.  Owens-Illinois, Inc. v.
Chatham, 899 S.W.2d 722, 735 (Tex. App.CHouston
[14th Dist.] 1995, writ dismissed.). Appellant is a pro se litigant, but she is
held to the same standards as licensed attorneys and must comply with
applicable laws and rules of procedure.  Holt
v. F.F. Enters., 990 S.W.2d 756, 759 (Tex. App.CAmarillo
1998, pet. denied).  In the absence of a
reporter=s record,
we are required by law to presume that there was sufficient evidence to support
the trial court=s
findings.  Smith v. Grace, 919
S.W.2d 673, 676 (Tex. App.CDallas
1996, writ denied).  Appellant=s first four issues are overruled.

Appellant contends in her fifth issue that the
trial court erred by not filing findings of fact and conclusions of law.  Appellant, however, did not file a written
request for findings and conclusions.  Tex. R. Civ. P. 296 requires that a
request be in writing and filed with the clerk of the trial court within twenty
days after judgment is signed.  Because
appellant did not properly request findings and conclusions, we cannot say the trial
court erred by not filing any.  Appellant=s fifth issue is overruled.

We have considered and overruled each of appellant=s issues.  The judgment of the trial court, therefore,
is affirmed.

 

PER CURIAM

April 13, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.