## HADWIN v. SOUTHERN RY.

1. COSTS—SECOND ACTION—RULE LX., C. C.—A case dismissed on demurrer, because the complaint does not state a cause of action, falls under Circuit Court Rules LX., and the costs of the first action must be paid before a second action on the same cause of action can be tried.

2. COSTS—RES JUDICATA.—Taxation of costs, confirmed by Circuit Court, and not appealed from, is *res judicata.*

Before DANTZLER, J., Saluda, January, 1903.    Affirmed.

Action by Anna and W. B. Hadwin against Southern Railway. From Circuit order, plaintiffs appeal.

*Messrs. N. G. Evans* and *Barnard B. Evans,* for appellant. The latter cites: 12 S. C., 466; 11 S. C., 122; 12 S. C., 130; 48 S. C., 494; 35 S. C., 165; 16 S. C., 58; 30 S. C., 479; 42 S. C., 488; 4 S. C., 106.

*Messrs. B. L. Abney* and *E. M. Thomson,* contra, cite: Rule 60, Circuit Court; Code Proc., 1902, 323; Code, 1902, 3096, 3130; 2 Rich., 136.

November 27, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. On August 21st, 1901, Anna Hadwin and W. B. Hadwin, her husband, brought their action in the Court of Common Pleas for Edgefield County against

the Southern Railway Company for damages on account of distress and inconvenience and sickness, resulting from (1) the alleged failure of the defendant to carry Mrs. Hadwin to her destination by a continuous journey, according to the terms of her ticket and the defendant's advertised schedule; and (2) the alleged ejection of Mrs. Hadwin from the train, with her four little children, at a small station, without comfort or shelter, and with no way of reaching her destination by the defendant's railroad.

The defendant answered, but the issues made by the answer need not be stated, as they are not involved in this appeal. Upon the call of the case for trial, the defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the complaint dismissed by order, dated March 20th, 1902. No appeal was taken from this order.

On May 29th, 1902, the plaintiffs again brought suit against the defendant, and it is not only manifest from the complaint, but it is stated in the record before this Court, that the second suit was for the same cause of action as the first.

The defendant answered this complaint, setting up, among other defenses, that the costs of the former action had not been paid, and asked that all proceedings in this second action be suspended, until the costs of the first action should be paid, and in default of payment, that the plaintiffs be nonsuited. The defendant's attorneys also served a notice on plaintiffs' attorneys, requiring the costs of the former action to be paid, and stating that defendant would consider all further proceedings suspended until the payment of such costs.

This special defense set up in the answer and referred to in the notice, was based on Circuit Court Rule LX., which reads as follows: "Where a party has suffered a nonsuit, or discontinuance, or has otherwise let fall his action, all proceedings in any new action for the same cause shall be suspended until the costs of such former action have been paid." The costs were subsequently taxed by the clerk of the Court at

$50.60—$4.60 being clerk's costs, and $46 defendant's witness fees. From this taxation the plaintiffs appealed, and the taxation was confirmed by the Circuit Court at its August, 1902, term. The plaintiffs paid the clerk's costs only. The question whether the second action could be prosecuted without paying the remaining $46, was taken up by consent at the November term, 1902, of the Court of Common Pleas for Edgefield County, before the Hon. C. G. Dantzler, presiding Judge, who sustained the position taken by defendant, and on January 12th, 1903, ordered: "That unless the plaintiffs herein do pay to the clerk of this Court, within thirty days from the date of the notice of the filing of this order and judgment, the sum of $46, being the balance of the costs of the former action and not paid, the above entitled action be abated and the complaint herein be dismissed."

From this decree plaintiffs appeal on the following grounds:

"*First:* Because his Honor, the presiding Judge, erred in holding that it was necessary that the 'costs in a former action' against the defendant for alleged damages should be paid before another action could be proceeded with, the two actions not being the same.

"*Second:* Because the presiding Judge erred in holding that this was a second action for the same cause.

"*Third:* Because the Circuit Judge erred in holding that Rule 60 of the Circuit Court was applicable to this cause.

"*Fourth:* Because the presiding Judge erred in holding that the sustaining of a demurrer to a complaint upon the grounds that the same did not state facts sufficient to constitute a cause of action, was a discontinuance of the action on the part of the plaintiffs, and that Rule 60 of the Circuit Court applied.

"*Fifth:* Because the Circuit Judge erred in holding that mileage and *per diem* for the defendant's witnesses were costs taxable before the case was tried on its merits.

"*Sixth:* Because the Circuit Judge erred in holding that

30—67

there was a former action in this case brought by this plaintiff against this defendant, when it appears that an action had been attempted, but was dismissed on demurrer upon the grounds that the complaint did not contain facts sufficient to constitute a cause of action."

The first and second exceptions cannot be sustained, because it is stated in the record, "the second suit was for the same cause of action as the first," and the correctness of the statement is made manifest by examination of the pleadings.

The plaintiffs insist in the third and fourth exceptions that there was no discontinuance or nonsuit, and they did not "otherwise let fall" the first action, and, therefore, Rule LX. does not apply. It seems obvious from the language of the rule, it was intended to require payment of costs of the first suit before the second could be tried, whenever the first had ended in any way without a trial on the merits. But, aside from this view of the general scope and object of the rule, this case comes within its express terms, because the dismissal of the complaint for failure to state facts sufficient to constitute a cause of action, was an involuntary discontinuance. "The term discontinuance is the name applied to the voluntary withdrawal of a suit by a plaintiff, or where he is regarded as out of Court by some technical omission or mispleading and the like." (6 Ency. Pleading and Practice, 829.) See, also, *English* v. *Dickey,* 13 L. R. A., 43. The plaintiffs rely on *Blakely* v. *Frazier,* 11 S. C., 122; *Daniels* v. *Moses,* 12 S. C., 130, and *Tibbetts* v. *Langley Mfg. Co.,* 12 S. C., 466. In those cases the Court discusses the effect of discontinuance and failure to pay costs before bringing a second action, but the discussion does not aid us in this case because there was no rule of Court on the subject when those cases arose. The most recent of them was decided at the April term, 1878, and Rule LX. was not adopted until May 30th, 1879. The third and fourth exceptions must fail.

As to the fifth exception, it is only necessary to say when the taxation of costs made by the clerk was confirmed by

the Circuit Court and no appeal taken to this Court, such taxation was adjudicated beyond further controversy.

2 There is a very clear distinction between the termination of an action and the final adjudication of the rights involved in the action. A nonsuit or a discontinuance is the termination of an action, but neither necessarily implies the final determination of the rights of the parties with respect to the cause of action.

The sixth exception is founded on the conception that though the first summons and complaint had been served, yet when the Circuit Court dismissed the complaint for lack of statement of facts sufficient to constitute a cause of action, this was equivalent to holding no action had been commenced. In sustaining the demurrer the Circuit Court did not prevent the commencement of an action, but dismissed an action actually pending.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.