**FIRST DALLAS PETROLEUM, INC., et al., Appellants,**

v.

**George W. HAWKINS, Sr., et al., Appellees.**

**No. 05-86-00232-CV.**

Court of Appeals of Texas, Dallas.

Aug. 1, 1986.

Bertran T. Bader, III, Dallas, for appellants.

Thomas A. Melody, Dallas, for appellees.

Before GUITTARD, C.J., and McCRAW and STEWART, JJ.

GUITTARD, Chief Justice.

On our own motion we have undertaken to determine whether the judgment below is final so that it can now be appealed. Since our consideration of this question has required interpretation of two recent amendments to the Texas Rules of Civil Procedure, we write to explain our conclusion that these amendments do not change the rule as established by previous case law which requires us to hold that the judgment is final.

Appellees, as plaintiffs below, brought suit for fraud against four defendants. One defendant was never served, nor did he appear. Plaintiffs' claim against him was never dismissed or severed, nor was any default judgment taken against him. Plaintiffs obtained a judgment against only the other three defendants, who now seek to appeal.

■ In similar circumstances, the supreme court has ruled that such a case "stands as if there had been a discontinuance as to [the unserved defendant], and the judgment is to be regarded as final for the purposes of appeal." *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex.1962) (citations omitted); *accord Hoover v. Barker,* 507 S.W.2d 299, 302 (Tex.Civ.App.—Austin 1974, writ ref'd n.r. e.). These authorities, if still applicable, would require us to hold that the judgment in the instant case is final and appealable.

■ In 1984, however, the Texas Rules of Civil Procedure were amended. Before April 1, 1984, rule 161 provided in part:

> Where some of the several defendants in a suit are served with process in due time and others not so served, the plaintiff may either *discontinue* as to those not so served and proceed against those that are, or he may take new process against those not served....

TEX. R. CIV. P. 161 (Vernon 1979) (emphasis added). The corresponding provision of the current version of rule 161 now reads:

> When some of the several defendants in a suit are served with process in due time and others are not so served, the plaintiff may either *dismiss* as to those not so served and proceed against those who are, or he may take new process against those not served....

TEX. R. CIV. P. 161 (emphasis added).

We conclude that no change was intended by the substitution of "dismiss" for "discontinue." At common law a suit was "discontinued" if the plaintiff failed to prosecute the suit with diligence, as by failure to have it continued from term to term. In equity, however, if the plaintiff failed to prosecute with diligence, the suit did not automatically terminate, but it might be dismissed by order of the court. Under the blended Texas system, the equity practice of dismissal by court order for want of prosecution has been followed. *Staples v. Callahan,* 138 S.W.2d 206, 210 (Tex.Civ.App.—San Antonio 1940), *aff'd,* 139 Tex. 8, 161 S.W.2d 489 (Tex.1942). Therefore, a discontinuance, whether voluntary or involuntary, has been in practical

effect indistinguishable from a dismissal without prejudice, as it has been in other American jurisdictions. *See Kraft v. Forest Park Realty & Ins. Co.,* 111 Ga.App. 621, 142 S.E.2d 402, 406 (1965); *English v. Dickey,* 128 Ind. 174, 27 N.E. 495, 497 (1891); *Pear v. Graham,* 258 Mich. 161, 241 N.W. 865, 867 (1932); *Alexander v. Haffner,* 323 Mo. 1197, 20 S.W.2d 896, 898 (1929); *Weisinger v. Berfond,* 21 Misc.2d 788, 198, N.Y.S.2d 799, 807–08 (1969); *Hadwin v. Southern Ry. Co.,* 67 S.C. 463, 45 S.E. 1019, 1020 (1903). In the light of this background, it is evident that the supreme court, in amending rule 161, did nothing more than replace "discontinue" with the equivalent and more familiar "dismiss."

Former rule 161 seems to have contemplated an express voluntary discontinuance, since it provided that the plaintiff "may" discontinue the suit with respect to an unserved defendant. *Youngstown* is consistent with this interpretation, since it holds that when judgment is taken against all other defendants the case "stands as if there had been a discontinuance" as to the unserved defendant. Thus the *Youngstown* rule operates without any indication of the plaintiff's intent except as that intent may be implied by the plaintiff's proceeding to judgment against the other defendants. Similarly, an amended petition omitting any claim against one of several defendants also was held to effect a discontinuance with respect to the omitted defendant. *Ridley v. McCallum,* 139 Tex. 540, 163 S.W.2d 833, 836 (1942). We see no reason to interpret the amended rule 161 as changing this result. Consequently, it is logical to hold that when the plaintiff takes judgment against all other defendants, the case "stands as if" there has been a dismissal with respect to the unserved defendant.

■ It is arguable, however, that amended rule 162 changes this result. When rule 161 was amended, the supreme court also repealed former rule 162, which concerned voluntary discontinuance of a suit in vacation, TEX. R. CIV. P. 162 (Vernon 1979) (since amended), and adopted present rule 162, which provides:

The plaintiff may dismiss a case upon filing a notice of dismissal, which shall be entered in the minutes. A copy of the notice shall be served in accordance with Rule 21a on any party who has answered or has been served with process.

TEX. R. CIV. P. 162.

We do not read this new rule as affecting the *Youngstown* holding. It merely authorizes the plaintiff to terminate the suit without obtaining a formal court order, which is not necessary when no other party's rights are adversely affected. It does not prevent the case from "standing as if" dismissed with respect to any unserved defendant omitted from a judgment against all other defendants.

Neither of these amended rules speaks directly to the *Youngstown* situation, and we conclude that neither was intended to change the *Youngstown* rule. We perceive no reason of policy to require the formal notice of dismissal required by rule 162 to effect dismissal of an unserved defendant when the plaintiff proceeds to judgment against all other defendants without obtaining a severance. The only party who could be adversely affected by such a rule is the plaintiff, who may protect his right to proceed against an unserved defendant by obtaining a severance. Consequently, we hold that the instant plaintiffs have obtained a final, appealable judgment. The appeal will be heard in due course.