COURT OF APPEALS












 
 
 
  
 
 
 




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 LYNDA MARKOWITZ,
  
                             Appellant,
  
 v.
  
 ALLSTATE INSURANCE COMPANY,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-01-00415-CV
  
 Appeal from the
  
 44th District Court
  
 of Dallas County, Texas 
  
 (TC# DV99-00157-B) 
  
 
 


 

OPINION DISMISSING APPEAL FOR LACK OF JURISDICTION

 

This case is before the Court=s on its own notice to show cause why
the appeal should continue, it appearing to us that we lack jurisdiction.  Finding that Markowitz=s notice of appeal was not timely
filed, we dismiss.

Facts








In October 2001, this Court sent
notice to all parties that this appeal had been transferred from the Fifth
Court of Appeals, and that based upon the information before us, it appeared
that notice of appeal had not been timely filed and we therefore lacked
jurisdiction.  The Court invited the
parties to show cause why the appeal should be
continued.  Both parties have briefed
their positions to this Court.  We
outline the facts relevant to our decision below.

According to Markowitz=s petition, she was in an automobile
accident with Thomas Dale Leach on February 26, 1995.  She made claims for personal injury, settled
with Leach, and then made an underinsured motorist claim against her own insurer,
Allstate.  She was initially represented
by attorney John Wishnew, who died before Markowitz=s claim against Allstate was resolved.  She then hired attorney Nikki Carmody.  Markowitz and Allstate mediated the claim, during which
Allstate offered to settle for $7,000 plus medical coverage of $5,900 for
additional surgery to take place within one year of the mediation.  Markowitz claims
she rejected the offer.  Nevertheless,
three weeks later Carmody=s office called her and asked what
she wanted done with the settlement check. 
Markowitz instructed Carmody=s office to send the check back to
Allstate.








Following this, Markowitz
brought suit (through another attorney) against Allstate for her underinsured
motorist benefits, breach of the duty of good faith and fair dealing, and
negligence.  In answer, Allstate urged
(among other things) the affirmative defense of accord and satisfaction under
the Uniform Commercial Code.  In July
1999, Computer Sciences Corporation filed its plea in intervention, seeking to
protect trade secrets and confidential information contained in its AColossus@ software program, which Allstate
used to assess personal injury damages. 
In August 1999, the parties stipulated to a detailed agreed protective
order concerning CSC=s trade secrets, which was entered of record by the trial
court.

In October 2000, on the same day the
case was set for trial, Markowitz filed her motion
for leave to add an additional defendant, Nikki Carmody,
as a necessary party.  Markowitz acknowledges that her motion for leave was never
heard or ruled upon.  Carmody
was never served with citation nor did she ever enter an appearance in this
case.  Moreover, the amended petition
upon which she relies, although containing numerous factual allegations about Carmody, never names the attorney as a defendant, alleges
no cause of action against her, and does not request that citation issue or
service be made upon her.

Although the trial court denied
Allstate=s motion for summary judgment on its
affirmative defense of accord and satisfaction, it did order that this question
be tried separately, prior to any other issue. 
The jury found that there was an accord and satisfaction by use of an
instrument between Allstate and Lynda Markowitz.  The court entered judgment for Allstate based
on this finding.  The document was
entitled AFinal Judgment,@ and its decretal
portion reads as follows:

IT IS
ORDERED BY THE COURT that judgment in favor of Allstate is entered on Allstate=s affirmative defense of accord and satisfaction by
use of an instrument.

 








IT IS
FURTHER ORDERED BY THE COURT that Allstate reimburse $7,000.00, plus six
percent (6%) interest from November 14, 1998 until the date of this judgment to
Plaintiff, Lynda Markowitz.  Additionally, it is further ordered by the
Court that the finding on Allstate=s
affirmative defense of accord and satisfaction is dispositive
of all other claims in the case.

 

All
costs of court are taxed against Plaintiff, Lynda Markowitz.  All writs and process for the enforcement and
collection of this judgment for the costs of court may issue as necessary.  

 

The judgment does not contain a AMother Hubbard@ clause.  This judgment was signed on May 24,
2001.  On June 21, 2001, Markowitz timely filed her motion to amend or alter the
judgment, for judgment n.o.v., and alternatively for
new trial.  On September 14, 2001, Markowitz filed her notice of appeal and a motion nonsuiting Nikki Carmody.  On November 7, 2001, the trial court entered
a second AFinal Judgment@ stating that the May 24 judgment Awas not intended and did not address
the Plaintiff=s claims against Nikki Carmody . . . and Intervenor
Computer Sciences Corporation=s . . . Petition in Intervention.@ 
The court then entered the following orders, A[i]n order
to make this case final for purposes of appeal . . . .@

1.         The
Court adopts its order and judgment of May 24, 2001 which dealt solely with
Allstate=s affirmative defense of accord and satisfaction by
use of an instrument and Plaintiff=s claims
against Allstate.

 

2.         The
Court signed on September 24, 2001, an order of Nonsuit
Without Prejudice with regard to Plaintiff=s claims against Carmody
which is incorporated in this judgment;

 

3.         The
parties= November 5, 2001 Tex.R.Civ.P. 11 agreement
which is authored by counsel from CSC and signed and agreed to by counsel for
Plaintiff and Defendant Allstate is incorporated into the judgment.  All other relief not expressly granted to CSC
is denied.

 








4.         Any
court costs solely with reference to CSC=s Intervention
are taxed against Plaintiff.

 

The sole question before us is whether the May 24 judgment
was final, and therefore this appeal is untimely, or whether the  AFinal Judgment@ signed in November was truly the
last word on the various parties and the notice of appeal was therefore timely
and conferred jurisdiction upon us.

There are two factors in this case
which we must examine in determining whether the May 2001 judgment was indeed
final:  (1) plaintiff=s attempt to amend her suit to
include her former attorney, Nikki Carmody, as
defendant; and (2) the intervention of Computer Sciences Corporation.  We examine them independently.

Attempt
to include Nikki Carmody as defendant








We cannot see how Markowitz=s attempt to include Carmody in her lawsuit, made at a time when amending her
petition could only be done with leave of court, with her motion to leave never
acted upon, could prevent the May 2001 judgment from
being final.  Markowitz
herself acknowledges she was never given leave to add Carmody
as a defendant.  Moreover, the amended
petition which refers to Carmody does not name her as
a defendant nor request service of citation upon her.  Further, even were Carmody
considered a defendant, the judgment disposing of Markowitz=s claim after trial on the merits
(albeit a trifurcated trial) was final as to her.  Where a judgment disposes of all parties
except those who have not been served and have filed no answer, as is the case
with Carmody, the judgment is final and the unserved party is considered to have been nonsuited without prejudice.  A[S]uch a
case >stands as if there had been a discontinuance[1]
as to the unserved defendant, and the judgment is to
be regarded as final for the purposes of appeal.=@ 
First Dallas Petroleum v. Hawkins, 715 S.W.2d
168, 169 (Tex. App.--Dallas 1986, no pet.) (quoting
Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex.
1962)).  Thus, even if Carmody had been properly added as a defendant in this
case, (evidence of which is wholly lacking in the record before us) the May
2001 judgment served as a nonsuit dismissing her from
the litigation.  We conclude the May 2001
judgment=s failure to mention Carmody did nothing to render it interlocutory.

Intervention
of Computer Sciences Corporation

We next turn to the question of
whether the May 24 judgment disposed of all remaining claims of intervenor Computer Sciences Corporation.  It is true, as Markowitz
asserts, that CSC never dismissed its intervention,
nor was it mentioned in the May 24 judgment. 
For the reasons that follow, we nevertheless conclude that these
omissions did not render the May 24 judgment interlocutory.








We begin our analysis by again noting
that the trial held in this case, although restricted to the accord and
satisfaction defense, was nevertheless a trial on the merits.  Even though the trial was trifurcated (and
two issues of the three-part case were never reached) we see no
reason why the general rule on finality of judgments rendered after trial on
the merits should not apply.  The
reason the jury did not reach all issues raised by plaintiff was that the jury
found against her on a defense precluding her recovery.   See John v. Marshall Health Services, 58
S.W.3d 738, 740 (Tex. 2001) (recognition that Mafrige
rule might not rigidly apply to bifurcated trials).  We therefore employ the presumption that a
judgment rendered after trial on the merits is final and appealable.  Lehmann v. Har-Con Corp., 39 S.W.3d 191,
199 (Tex. 2001).  Having already
determined that Carmody was never added as a
defendant, we need only determine whether the May 24 judgment impliedly
disposed of all CSC=s claims.








CSC=s petition in intervention requested
relief only in the form of a protective order for the protection of trade
secrets and confidential information.  It
received all the relief it requested when the agreed protective order was
entered.  The trial court and all parties
were fully aware of the nature of CSC=s intervention, and all stipulated to
the terms of the protective order.  There
was simply no dispute remaining as to CSC (or any other party) which the
parties might reasonably expect to be determined after entry of the May 24
judgment.  Moreover, nothing about the
May 24 judgment indicates that the trial court did not intend it to finally
dispose of the entire case.  It is
entitled AFinal Judgment.@ 
It disposes of plaintiff=s motion for directed verdict and motion for entry of
judgment, as well as defendant=s motion to disregard the jury response regarding
rescission.  It states that AAllstate=s affirmative defense of accord and
satisfaction is dispositive of all other claims in
the case.@ 
It taxes costs against the plaintiff and orders all necessary writs and
process necessary for collection of the judgment.  Thus, we find nothing to overcome the
presumption that it was a final, appealable judgment.  That being so, Markowitz had ninety days from May 24, 2001 within which to
file her notice of appeal.  Tex. R. App. P. 26.1(a).  Her notice of appeal was not filed until
September 14, 2001, well after that deadline had expired.  We therefore lack jurisdiction to consider
this appeal.

Conclusion

For these reasons, we dismiss the
appeal.

 

                                                                        


SUSAN
LARSEN, Justice

September 5, 2002

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.

 

(Do Not Publish)

 











[1]A discontinuance is indistinguishable from a dismissal
without prejudice.  First Dallas
Petroleum, 715 S.W.2d at 169-70.