**AFFIRM and Opinion Filed August 22, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00413-CV

## LILLIE FAYE BILLS, OLA LEE MYERS, AND VANQUISHA EVERYLEE JACKSON, Appellants
## V.
## OSCAR EUGENE MILLS AND ANTONIO LEKEITH ENGLISH, Appellees

**On Appeal from the 95th District Court
Dallas County, Texas
Trial Court Cause No. DC-20-18670**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Goldstein

Appellee Oscar Eugene Mills deeded his house to appellants—his daughters

Lillie Faye Bills and Ola Lee Myers,[1] and his granddaughter Vanquisha Everylee

Jackson. Then Mills and his step-grandson, appellee Antonio Lekeith English, sued

---

[1] For reasons explained in this opinion, Ola Lee Myers is not a proper party to this appeal. To the extent the underlying judgment can be read to include Myers due to her interest in the voided deed, because she was not served in the underlying proceeding and did not otherwise enter an appearance, the trial court's judgment is not binding on her, and her remedy, if any, is for another day and proceeding.

to void that deed. After a bench trial, the trial judge voided the deed. Appellants timely appealed. We affirm the trial court's judgment as to appellants Bills and Jackson.

## I. PROCEDURAL HISTORY

Appellees sued appellants, alleging that appellee Mills formerly owned title to a certain house in Dallas (the "Property"); that appellee English was now the rightful owner of the Property; and that Mills remained a life tenant of the Property. They further alleged that, in September 2020, appellants visited Mills, got him drunk, and caused him to sign both a gift deed conveying the Property to appellants and a power of attorney naming appellants as Mills's attorneys in fact. Appellees asserted claims for declaratory judgment, fraudulent inducement, and fraud. They requested, among other relief, a declaration that the gift deed was void and unenforceable. Appellees' petition also included a request for disclosure pursuant to Texas Rule of Civil Procedure 194.2.

The docket sheet indicates that appellants Bills and Jackson were served with process but appellant Myers was not. Bills filed an answer pro se.

The trial judge held a one-day bench trial via zoom. Bills and Jackson appeared pro se; Myers did not appear. Appellants' counsel stated on the record that he was never able to serve Myers, and appellees proceeded forward with trial in Myers's absence. Mills and English were the only witnesses who testified.

After trial, the trial judge signed a judgment setting forth the parties to the case as follows:

> A Non-Jury Trial on this cause was held on March 28, 2023. The Plaintiffs Oscar Eugene Mills and Antonio Lekeith English appeared and announced to the Court that they were ready for trial, being represented by counsel. Defendants Lillie Faye Bills and Vanquisha Everylee Jackson appeared pro se and announced ready for trial.

The judgment ruled in appellees' favor on claims for declaratory judgment, trespass to try title, fraud, and fraud in the inducement. Specifically, the judgment decrees that the deed from Mills to appellants is invalid and void. It also recites findings that the deed is invalid because (1) it was executed fraudulently, (2) Mills was fraudulently induced to sign the deed, (3) Mills signed the deed while he was incompetent to do so, and (4) Mills signed the deed while he lacked capacity to execute it. Finally, the judgment awards attorney's fees, costs, and interest to appellees. The judgment also recites that it is final, disposing of all parties and claims, and is appealable. No findings of fact or conclusions of law were requested or issued.

Appellants, now acting through counsel, joined in a timely notice of appeal.

## II.   Issues on Appeal

Although appellants state four issues in the "Issues Presented" section of their brief, they argue only three issues in the "Argument" section of their brief. Those three issues, paraphrased, are:

1.    The trial judge's fraud and incapacity findings are supported by insufficient evidence.

2. The judgment is void as to appellant Myers because she was never served with process.

3. The trial judge erred by imposing death-penalty sanctions against appellants in the form of excluding a witness they sought to call at trial.

### III. ANALYSIS

## A. Issue One: Legal Sufficiency of the Evidence

We first consider appellants' argument that the evidence is legally insufficient to support the judgment. Appellants argue specifically (1) there is no evidence that appellants made any representations to Mills, and (2) there is no evidence that Mills was consuming alcohol or was intoxicated when he executed the gift deed to appellants.

### 1. Standard of Review

Because the trial judge did not issue findings of fact, we imply all findings necessary to support the judgment. *Ganguly Holdings, L.L.C. v. Ker-Seva Ltd.*, No. 05-21-00124-CV, 2022 WL 3024320, at *3 (Tex. App.—Dallas July 29, 2022, no pet.) (mem. op.). An appellant may challenge those implied findings for legal and factual sufficiency of the evidence. *Id*. We may uphold the judgment on any theory supported by the pleadings and the evidence. *Id*.

When an appellant attacks the legal sufficiency of the evidence to support an adverse finding on which she did not have the burden of proof, she must show that no evidence supports the finding. *Id*. at *4. Evidence is legally sufficient if it suffices to enable reasonable and fair-minded people to reach the finding under review. *Id*.

–4–

In a bench trial, the trial judge is the sole judge of the witnesses' credibility, and she may generally accept or reject all or any part of a witness's testimony. *Id*. at *3.

## 2. Implied Findings and Applicable Law

We conclude that the judgment implies findings on two distinct legal theories of deed invalidity: (1) fraud in the inducement and (2) incapacity.[2]

A deed is voidable if it is procured by fraud. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007) (per curiam) ("Deeds obtained by fraud are voidable rather than void, and remain effective until set aside.").

A deed is also voidable if the grantor lacked mental capacity when he executed it. *See Kinsel v. Lindsey*, 526 S.W.3d 411, 419 (Tex. 2017) ("Documents executed by one who lacks sufficient legal or mental capacity may be avoided."); *England v. Cary*, No. 05-17-00724-CV, 2018 WL 3342694, at *1 (Tex. App.—Dallas July 9, 2018, no pet.) (mem. op.) (applying *Kinsel* in suit to void a deed); *see also Van Cleave v. Bell Oil & Gas Co.*, 102 S.W.2d 1103, 1105 (Tex. App.—Fort Worth 1937, writ dism'd) (noting that intoxication can make a legal instrument voidable). A grantor has sufficient mental capacity if he appreciates the effect of what he is doing and understands the nature and consequences of his acts and the business he is

---

[2] These implied findings are consistent with statements found in the judgment. *See Lee v. Paik*, No. 05-17-01406-CV, 2019 WL 1033869, at *2 (Tex. App.—Dallas Mar. 5, 2019, no pet.) (mem. op.) (although findings should not be made in the judgment, such findings have probative value if the record does not contain any additional findings of fact).

transacting. *See Kinsel*, 526 S.W.3d at 419. Expert testimony regarding mental capacity is not required to prove incapacity. *Anderton v. Green*, 555 S.W.3d 361, 371 (Tex. App.—Dallas 2018, no pet.).

### 3. Application of the Law to the Facts

The gift deed at the center of this litigation was admitted into evidence as plaintiffs' exhibit 2. It appears to be signed by Mills, and it bears a notarization stating that Mills acknowledged the deed before a notary on September 24, 2020. The handwritten date above Mills's signature is difficult to read, but appellants' brief states that he signed the deed on or about September 24, 2020, and appellees agree. *See* TEX. R. APP. P. 38.1(f) (providing that court of appeals will accept appellant's statement of facts as true if not contradicted by another party). The exhibit reflects that the deed was recorded on September 25, 2020.

At the time of trial (March 2023), Mills was 92 years old. Thus, he was around 90 when he signed the gift deed in September 2020.

Mills testified that his daughters Lillie Faye Bills and Barbara Jean visited him in September 2020. They were upset because in 2019 Mills had transferred the house to English while retaining a life estate for himself. They talked to Mills about transferring the house to them and giving them his power of attorney. Mills did not agree to that because he thought English was taking good care of him.

Mills further testified that, during his daughters' visit, they bought him some alcohol and he got "pretty drunk." He elaborated on this testimony as follows:

–6–

Q. Tell us about that, sir.

A. Well, they was—we was all riding around in the car. She bought me two fifths of alcohol, and all I remember was—I remember I got pretty drunk.

Q. Okay. And when you got drunk, do you remember what night that was, or was that just some time during the visit?

A. I remember one time during the day in the evening because we came home, and they had me signing my name, started signing my name.

Q. Okay. And why did they have you sign your name? What were they having you sign, if you know?

A. I—I don't know. I ain't going to lie to you.

Q. Okay. Did you have any understanding of why you were signing your name?

A. I think they was trying to copy how I sign my name.

Q. Okay. They were having you sign your name over and over again?

A. Yes, sir.

. . . .

Q. Did you have any understanding that you were signing a deed or any kind of power of attorney at any time?

A. No, sir, I didn't.

Q. Okay. Did you intend to sign a power of attorney or a deed at any time, sir?

A. No, sir.

Q. And they did—they had you do this while you were drunk?

A. Yes, sir.

Q. They had you do this while you were essentially unable to know what you were doing because you were drunk?

A. Right.

Q. And when did you learn, sir, that a deed transferring your home from Mr. Antonio Lekeith English into Ms. Lillie Fay Bills, Ola Lee Myers, and Vanquisha Everylee Jackson had been signed? When did you learn about this deed, sir?

A. I think when I heard about it was when my grandson brought it— told me about it, showed it to me or something.

Q. And do you have any memory of signing this deed, sir?

A. No, sir.

. . . .

Q. Okay. And as far as this deed is concerned, sir, you know and you're telling the Court that you were in your not—you were not in your right mind, you were drunk, and had no intention of ever signing this deed, correct, sir?

A. Right.

Mills also testified that his visitors left on September 25, 2020, and had not returned as of the time of trial.

English testified to the following facts. He was not present when the gift deed was signed. He later discovered that the house was no longer in his and Mills's names, and he presented Mills with "the documents." English further testified, "[Mills] said, Tony, I have no idea what these are. I would never give my home to them, so that—that's how this came about." Based on Mills's testimony and on what Mills otherwise told English, English believed that appellants took advantage of Mills's drunkenness and incapacitated state to have him sign the deed. He also believed that when Mills signed the deed, he was intoxicated, not in his right mind,

and not able "to take care or make any decisions regarding his financial or property affairs."

Appellants urge that appellees introduced no credible evidence of incapacity, pointing out that Mills's testimony indicated that he did not remember signing any of the documents involved in this case. They also assert that there was no testimony that Mills was consuming alcohol or was intoxicated when he signed the gift deed. Appellants also point out that Mills's testimony consisted largely of answers to leading questions.

We reject appellants' arguments. They cite no authority for the premise that testimony elicited by leading questions is less probative than other testimony, and we are aware of none. Although appellants are correct that Mills testified that he did not remember signing the gift deed, Mills also testified that appellants had him sign the deed while he was drunk and essentially unable to know what he was doing. It was the trial judge's prerogative to assess the witnesses' credibility and to decide which testimony to accept. *See Ganguly Holdings, L.L.C.*, 2022 WL 3024320, at *3. We conclude that the evidence that Mills lacked capacity when he signed the gift deed is sufficient to allow reasonable and fair-minded people to find in appellees' favor on that issue. Accordingly, the evidence of incapacity is legally sufficient. *See id*. at *4.

The foregoing analysis suffices to dispose of appellants' first issue, so we need not consider whether appellees also adduced legally sufficient evidence of fraudulent inducement. We overrule appellants' first issue on appeal.

## B. Issue Two: Whether the Judgment Against Myers Is Void for Lack of Service of Process

Next, we consider appellants' argument that, because Myers was never served with process, the judgment is void or, in the alternative, that remand for further proceedings is appropriate. We disagree.

There is no dispute that Myers was never served with process. Indeed, at the beginning of trial, appellees' counsel advised the trial court on the record that he had never been able to obtain service on Myers, and appellees do not dispute in their appellate brief that Myers was never served. Instead, appellees argue on appeal that Myers made an appearance in the case through Bills's pro se answer because that answer was purportedly filed on behalf of all defendants through the use of "et al.," the Latin abbreviation for "et alia" meaning "and others." *Et al.*, DICTIONARY.COM, https://www.dictionary.com/browse/et-al (last visited July 31, 2024).

As a general rule, "[a] complete failure of service of process deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is void and may be challenged at any time." *Cato v. Smith-Cato*, No. 05-22-00068-CV, 2023 WL 4092489, at *2 (Tex. App.—Dallas May 26, 2023, no pet.) (mem. op.). However, a defendant can waive service of process and subject herself to the trial

–10–

court's jurisdiction by answering in the case. *See* Tex. R. Civ. P. 121 (providing that an answer constitutes an appearance that makes service of citation unnecessary).

There is no evidence in this record that Myers made an appearance in this case in any way or made an answer.[3] For a judgment to be final, and thus appealable, it must either (1) dispose of all claims and parties before the court or (2) state with "unmistakable clarity" that it is a final judgment to all claims and parties. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (orig. proceeding) (per curiam) (quoting *Bison Bldg. Materials, Ltd. v. Aldridge*, 442 S.W.3d 582, 585 (Tex. 2012)).

Where, as here, a plaintiff proceeds to judgment against served defendants while another defendant remains unserved, the judgment against the served defendants acts as a dismissal of the plaintiff's claims against the unserved defendant, and the judgment is final for purposes of appeal. *Phila. Indem. Ins. Corp.*

---

[3] We are unpersuaded by appellees' argument that Bills's filing an answer with the phrase "et al" purports to answer on behalf of all defendants. The record reflects that Jackson was served, did not file an answer, and appeared at trial. The only response to the trial court relative to Myers was a representation that she was never served. Counsel did not make the argument to the trial court that Bills's answer was on behalf of all defendants based upon the et al designation, and there is no signature other than Bills's. Counsel does not provide any authority for a pro se litigant to answer on behalf of other individuals, and the law of this state expressly does not permit such non-lawyer representation. *See* Tex. R. Civ. P. 7 ("Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court."); *see also Kaminetzky v. Newman*, No. 01-10-01113-CV, 2011 WL 6938536, at *2 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011, no pet.) (mem. op.) (rule 7 applies only when the person is litigating his rights on his own behalf, instead of litigating certain rights in a representative capacity). The final judgment, with the styled caption including Myers as originally drafted, contains no textual representations or inclusion of Myers; specifically, it identifies no basis for the trial court to exercise jurisdiction over the unserved defendant. Texas Rule of Civil Procedure 124 provides that, except where otherwise expressly provided by law, "[i]n no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant." Tex. R. Civ. P. 124. Critically, Myers is not named in the judgment as a party against whom execution can issue or the judgment can be abstracted. *See* Tex. R. Civ. P. 629; Tex. Prop. Code § 52.003. With no service or appearance, there is no binding judgment against Myers.

*v. Box*, No. 05-02-01555-CV, 2003 WL 1589513, at \*2 (Tex. App.—Dallas Mar. 28, 2003, no pet.) (mem. op.) (citing *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962); *Knie v. Piskun*, 23 S.W.3d 455, 459–60 (Tex. App.—Amarillo 2000, pet. denied); *First Dallas Petroleum, Inc. v. Hawkins*, 715 S.W.2d 168, 169–70 (Tex. App.—Dallas 1986, no writ)). Thus, we conclude the underlying judgment in this case served as a dismissal of appellees' claims against Myers; nevertheless, the judgment was final and appealable as to Bills and Jackson. *See Hawkins*, 715 S.W.2d at 169–70. Because Myers was dismissed from the case and was not a party to the judgment, she is not a proper party to this appeal. *See Preston v. Am. Eagle Ins. Co.*, 948 S.W.2d 18, 21 (Tex. App.—Dallas 1997, no writ) (appellants who were not parties to final judgment may not exercise right of appeal). We conclude the trial court's judgment in this case was not void as to Bills and Jackson and, because Myers is not a proper party to this appeal,[4] no remand is necessary. We overrule appellants' second issue.

## C.    Issue Three: Death-Penalty Sanctions

In their third issue, appellants argue that the trial judge improperly imposed death-penalty sanctions against appellants by excluding all testimony from a witness they wished to call—specifically, the notary public who notarized the deed. Appellees respond that appellants' basic premise is wrong—the exclusion of the

---

[4] "[W]e must consider issues affecting our jurisdiction sua sponte." *State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018). Based upon our review of applicable case law and the record, we conclude Myers is not before us.

witness was not a death-penalty sanction but rather an automatic penalty levied under Texas Rule of Civil Procedure 193.6 for failing to disclose the witness during discovery.

We agree with appellees.

A death-penalty sanction is a sanction that adjudicates claims or defenses based on how a party conducts discovery rather than on the merits. *See Westfall Fam. Farms, Inc. v. King Ranch, Inc.*, 852 S.W.2d 587, 591 (Tex. App.—Dallas 1993, writ denied). Death-penalty sanctions are authorized by Rule 215 and commonly consist of striking pleadings, dismissing an action, or rendering a default judgment. *See id*. at 588 n.1. Such sanctions may be imposed only if, despite the imposition of lesser sanctions, a party has so abused the procedural rules as to support a presumption that the party's position lacks merit and it would be unjust to allow the party to present the substance of that position to the court. *Id*. at 591.

Rule 193.6, by contrast, prescribes the automatic exclusion of evidence and witnesses that are not timely disclosed in response to discovery requests. *F 1 Constr., Inc. v. Banz*, No. 05-19-00717-CV, 2021 WL 194109, at *2 (Tex. App.—Dallas Jan. 20, 2021, no pet.) (mem. op.). Rule 193.6 also contains its own exceptions for good cause or the absence of unfair surprise or unfair prejudice. *Id*. Rule 193.6 sanctions are not reviewed under the standards applicable to death-penalty sanctions. *Id*.

This case resembles *F 1 Construction* in that appellees did not invoke Rule 215 when they objected to testimony by appellants' proposed witness. Nor did

appellees seek any of the typical death-penalty sanctions. Rather, appellees objected to only one specific witness solely because appellants did not disclose the witness as part of their Rule 194 disclosures. Accordingly, we review this issue under the rubric of Rule 193 and not under the rules governing death-penalty sanctions. *See id*.

We review a Rule 193.6 sanction for abuse of discretion. *Id*. at \*3. An abuse of discretion occurs when either (1) the trial judge fails to analyze or apply the law correctly, or (2) with regard to factual matters or matters committed to its discretion, the trial judge could reasonably reach only one decision and failed to do so. *VSDH Vaquero Venture, Ltd. v. Gross*, No. 05-19-00217-CV, 2020 WL 3248481, at \*4 (Tex. App.—Dallas June 16, 2020, no pet.) (mem. op.).

The first question is whether appellants failed to disclose the witness "in a timely manner." *See* TEX. R. CIV. P. 193.6(a). Appellants point to Bills's statements on the record that she thought she had disclosed the witness to appellees and that she "even sent the recording of her to him . . . with her—you know, her questioning my dad." But Bills did not say *when* she purportedly disclosed the witness to appellees. And in any event, appellees' counsel stated on the record that appellants had not disclosed the witness before the day of trial. *See Banda v. Garcia*, 955 S.W.2d 270, 271–72 (Tex. 1997) (per curiam) (discussing circumstances under which unsworn statements on the record are considered to be evidence). It was the trial judge's prerogative to assess the witnesses' credibility. *See Ganguly Holdings, L.L.C.*, 2022

WL 3024320, at *3. We conclude that the trial judge could reasonably decide that appellants failed to timely disclose the notary public as a witness.

As for the exceptions to Rule 193.6's rule of automatic exclusion, appellants do not argue that they showed either good cause or the absence of unfair surprise or unfair prejudice. *See* TEX. R. CIV. P. 193.6(a)(1), (2). Accordingly, we do not consider the exceptions. *See Banda*, 955 S.W.2d at 272 (court of appeals cannot reverse judgment based on an argument not made by appellant).

For these reasons, we overrule appellants' third issue on appeal.

## IV. DISPOSITION

Myers is not properly before this Court as she was not served, and the trial court had no jurisdiction over Myers at the time of final judgment. Therefore, we affirm the trial court's judgment as to Bills and Jackson.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
230413F.P05                                      JUSTICE

–15–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LILLIE FAYE BILLS, OLA LEE
MYERS, AND VANQUISHA
EVERYLEE JACKSON, Appellants

No. 05-23-00413-CV     V.

OSCAR EUGENE MILLS AND
ANTONIO LEKEITH ENGLISH,
Appellees

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-20-18670.
Opinion delivered by Justice
Goldstein. Justices Reichek and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Oscar Eugene Mills and Antonio Lekeith English recover their costs of this appeal from appellants Lillie Faye Bills and Vanquisha Everylee Jackson.

Judgment entered this 22nd day of August 2024.